ROBINSON *v.* HADLEY.

Where several charges are given to the jury, a party asking a new trial on the ground of error in the instructions, must point out with reasonable certainty the error complained of.

APPEAL from the *Owen* Circuit Court.

WORDEN, J.—This was an action by *Robinson* against *Hadley*, to recover the possession of a certain piece of land. Trial by jury; verdict and judgment for the defendant.

The plaintiff appeals to this Court, and assigns for error that—

1. The Court erred in giving instructions to the jury over the objections of the plaintiff.

2. The Court erred in refusing to instruct the jury as asked for by the plaintiff.

3. The Court erred in overruling the plaintiff's motion for a new trial, and rendering judgment against the plaintiff.

The reasons filed for a new trial were—

1. That the verdict is not sustained by sufficient evidence.

2. Because the verdict is contrary to law.

3. Because the Court erred in charging the law of the case to the jury.

The counsel for the appellee insists that the third reason for a new trial is insufficient, because of its uncertainty, and we are of that opinion. What instructions were erroneous? No intimation is given of any particular error in the charges of the Court, nor does it appear whether the 'alleged error was in the general charge given by the Court, or those given at the instance of counsel. "The Court erred in charging the law of the case to the jury." Wherein the Court erred in charging the law of the case, is left entirely to conjecture. There were numerous charges given, some generally, by the Court, and some specially, at the instance of counsel. In such case, he who

VOL. XIV.—27

asks a new trial on the ground of error in charging, should, in our opinion, point out with reasonable certainty the error complained of, so that the mind of the Court may be directed to it, and not left to grope in uncertainty through the entire charges given, in search of some supposed error that may be lurking amongst them. How can the Court below be expected to review its rulings, unless attention is called to such as are supposed to be wrong? If the reason filed in this case be sufficient, one point in the rulings might be argued by counsel below, on the motion, while another and an entirely different one might be urged here —one that was not in any manner reviewed by the Court below.

The case stands as if no motion had been made for a new trial on the ground of erroneous charges, and therefore the first error assigned raises no question for our decision. *Kent* v. *Lawson*, 12 Ind. R. 675. The same is true of the second error. The motion for a new trial was not predicated upon the refusal of the Court to give instructions asked.

The last error raises the question whether the verdict is sustained by the evidence. Having looked through the evidence carefully, we find no cause to disturb the verdict and judgment.

·*Per Curiam.*—The judgment is affirmed with costs.

*J. Perry, H. C. Newcomb, J. S. Harvey,* and *J. S. Tarkington,* for the appellant.

*D. M'Donald* and *A. G. Porter,* for the appellee.