## BARTHOLOMEW *v.* LANGSDALE.

PRACTICE.—*Motion for New Trial.*—A motion for a new trial, assigning as reasons therefor, that "the instructions given by the court to the jury are erroneous, in this, that the same are contrary to, and are not, the law," and that, "the court erred in instructions given to the jury," is sufficiently specific to raise the question of the correctness of any instruction given, the party making the motion having, at the proper time, excepted to all the instructions given.

ATTORNEY.—*Action for Services.—General Employment.*—Suit to recover for services rendered as an attorney. Upon the trial, the court gave the following instruction: "Where there is a general employment for an agreed sum, of an attorney, that employment extends until the final termination of the case in the court of last resort, and no additional sum can be charged for services rendered, unless there is an express agreement to pay for the same."

*Held,* that this instruction was erroneous.

Bartholomew *v.* Langsdale.

APPEAL from the Marion Common Pleas.

BUSKIRK, J.—The appellant sued the appellee for one thousand dollars, for professional work, labor, and services, as follows: making six motions for new trials, making and filing bills of exceptions in Myer *v.* Hereth, ordering transcripts and getting cases ready for Supreme Court, obtaining supersedeas in same, making thirteen abstracts for Supreme Court, making three assignments of errors; all which labor and services were rendered in the following cases, namely: Mary F. Love *v.* John C. Hereth *et al.*, Mary Smith *v.* Hereth *et al.*, George B. Yandes *v.* Hereth *et al.*, F. A. W. Davis *v.* Hereth *et al.*, Merchants' National Bank *v.* Hereth *et al.*, and George F. Meyer *v.* Hereth *et al.*

The defendant in this action was a defendant in the above cases, recently decided by this court.

The defendant answered, first, general denial; second, payment; third, that plaintiff agreed to render the services for one hundred dollars, which had been paid; fourth, that the services were rendered upon a joint employment by Hereth and defendant, and that Hereth had paid plaintiff. The plaintiff replied by general denial.

The case was tried by a jury, resulting in a verdict for defendant. A motion for a new trial was made, overruled, and an exception was taken.

The principal error relied upon for the reversal of the case is the alleged erroneous instruction of the court, The court, at the request of the defendant, gave the following instruction to the jury:

7. "Where there is a general employment, for an agreed sum, of an attorney, that employment extends until the final termination of the case in the court of last resort, and no additional sum can be charged for services- rendered, unless there is an express agreement to pay for the same."

It is earnestly maintained by the appellee that the motion for a new trial is not specific enough in its reference to the instructions complained of to raise the question as to the

correctness of the instruction. We admit that under the decisions in *Robinson* v. *Hadley*, 14 Ind. 417; *Elliott* v. *Woodward*, 18 Ind. 183; *Snodgrass* v. *Hunt*, 15 Ind. 274, and *Horne* v. *Williams*, 23 Ind. 37, the objection would be well taken; but this court in *Horton* v. *Wilson*, 25 Ind. 316, and *Dawson* v. *Coffman*, 28 Ind. 220, in express terms, overrule the case of *Horne* v. *Williams, supra*, and in principle overrule them all. In *Dawson* v. *Coffman, supra*, the plaintiff excepted to the instructions, and in the motion for a new trial assigns as a reason, among others, "that error of law occurred at the trial of the cause, which was excepted to at the time by the plaintiff, in this, that the court, in giving instructions to the jury, gave instructions contrary to law."

The court say: "A liberal administration under the code requires that we should look to the substantial right of a case, disregarding mere technical forms. But the ends of justice require that in the administration of the law order should be regarded, so that each party litigant may be fully heard and each cause fully considered in all its parts, that no undue advantage may be allowed to either party.

"We cannot see that any injustice could possibly arise when the instructions were excepted to at the time they were given, and then the court, on the motion for a new trial was notified that the party making the motion relied upon the errors of law occuring at the trial, and excepted to, in the giving of the instructions to the jury. Such a motion, we think, brings in review the entire instructions excepted to."

In the case under consideration the plaintiff excepted to the instructions given to the jury, and in his motion he makes the following references to the instructions, namely:

5. "That the court erred in instructions given to the jury."

8. "That the instructions given by the court to the jury, are erroneous, in this, that the same are contrary to and not the law."

We think that the court was fully informed that the plain-

tiff relied upon the error of law occurring at the trial, in the giving of instructions. The plaintiff had excepted to all the instructions given by the court of its own motion and at the request of the defendant, and claimed that they were all erroneous. Would it have been any more certain to have referred to them by number? If a party only excepts to a part of the instructions, then, in his motion for a new trial he should refer to such instructions by number, or in some manner inform the court what particular instructions he complains of. We think that the motion for a new trial is sufficiently certain to raise the question as to the correctness of the instruction. We believe that it is our duty to decide every cause upon its substantial merits, and that we should only be governed by technical rules and forms when it is necessary to subserve the ends of justice, or to prevent injustice.

The proposition of law enunciated in the above instruction is stated in a very broad and unqualified manner. It is probably true as a general proposition that the general employment of an attorney, for an agreed sum, extends to the termination of a cause, but it is not universally true. Suppose that an attorney only practices in the common pleas court, or the circuit court, or the Supreme Court, or in one particular county, or does not practice in the federal court, and this is known to a person who employs him, will it be maintained that he would have to follow the case to the Supreme Court? or if a change of venue was taken from the county, or the cause was certified, under the laws of Congress, from the state to the federal court, that the attorney would, under his general employment, be required to attend to the case in the county to which the cause was sent or in the federal court? However this may be, we think, it is quite certain that the latter part of the instruction was clearly erroneous and well calculated to mislead the jury. The court told the jury, that "no additional sum could be charged for services rendered under a general employment for an agreed

sum, unless there was an express agreement to pay for the same."

This instruction ignores the fact that there is such a thing as an implied obligation. A man may by implication create as strong a liability as he can by an express promise. Take the case under consideration as an illustration. There were seven cases pending against Hereth and Langsdale. It was expected that the cases would be appealed to the Supreme Court. Hereth and the plaintiff both swear that Hereth employed the plaintiff in those cases for the sole and express purpose of taking down the evidence so that it could be embodied in bills of exceptions, and agreed to and did pay him one hundred dollars for such services. The plaintiff further testifies that the defendant came to his office, after the cases had been tried in the court below, and wanted him to prepare the cases for the Supreme Court; that he informed the defendant of the nature and extent of his employment in the cases by Hereth, that his employment had terminated, and that he could render no further services in the cases unless he was paid therefor; and thereupon, the defendant had told him to go ahead and do the work. But suppose he made no promise and never agreed to pay him for such services, would it be seriously insisted, under such a state of facts, that defendant would not be liable for such services? And yet there would be no express agreement to pay, but there would be a very strong implied obligation. We do not wish to be understood as saying that the above are the facts in this case; for the plaintiff says that there was an express promise on the part of the defendant to pay him, while the defendant contradicts the plaintiff in nearly every essential particular.

But suppose that both the plaintiff and the defendant had sworn that the facts were as above stated, would not the jury have understood from the above instruction that the defendant would not have been liable? that there being no express agreement to pay, he was not liable for services rendered under the facts and circumstances above stated?

The instruction was well calculated to mislead the jury; and from the evidence in the record, we are forced to the conclusion that it injuriously affected the rights of the plaintiff. We think there should be a new trial in this cause.

The judgment is reversed, with costs, and the cause is remanded, with directions to the court below to grant a new trial, and for further proceedings in accordance with this opinion.

*J. Hanna* and *F. Knefler*, for appellant.

*B. K. Elliott* and *C. L. Holstein*, for appellee.

