## HARDING *v.* WHITNEY.

PRACTICE.—*Bill of Exceptions.—Motion to Strike Out.*—The overruling of a motion to strike out a paragraph of answer must be reserved by bill of exceptions.

PLEADING.—*Demurrer.*—Where the plaintiff charged that the defendant had obstructed a stream of water, and caused it to flow over the lands of the plaintiff adjoining, and the defendant answered by the general denial, and in a second paragraph that the plaintiff had previously diverted the water-course to defendant's injury, and for his own protection he had provided against its flow over his land, and restored it to its natural channel, and a demurrer was filed to this second paragraph and overruled;

*Held,* that there was no error.

PRACTICE.—*Motion for New Trial.*—*Causes.*—The admission or exclusion of evidence contrary to law must be made a ground for a new trial; so, also, the failure to charge to the jury the law, and charging what is not the law. All these reasons thus stated are too general.

SAME.—*Misconduct of Jury.*—*Affidavit.*—Where misconduct of a juryman is charged, the court has a right to take his affidavit in the matter, in support of the verdict, as true, although witnesses testifying on the trial for the party making the motion contradict his statement.

APPEAL from the Franklin Common Pleas.

DOWNEY, J.—This is an action by the appellant against the appellee, in which there was a jury trial, and a verdict and judgment for the defendant. The parties are the owners of adjoining lands, and the plaintiff alleges that the defendant had obstructed and diverted the flow of a stream of water from its natural channel, and caused it to run upon his lands, to his damage. He prayed for judgment for two thousand dollars damages, for the removal of the obstruction, and for a perpetual injunction, etc.

The answer of the defendant was a general denial, and, secondly, that the plaintiff had previously diverted the said water-course to his injury, and that for his own protection merely he had provided against its flow upon his lands, and caused it to return to the old channel.

There was a reply by general denial to the second paragraph of the answer.

After the return of the verdict, the plaintiff moved for a new trial for the reasons, first, the misconduct of a juror in conversing about the trial when out of court, and offering to wager as to the result; second, because the verdict is not sustained by sufficient evidence; third, the verdict is contrary to law; fourth, misconduct of the jury during the trial of the cause.

The errors assigned are, first, overruling the plaintiff's motion to strike out the second paragraph of the answer; second, overruling the plaintiff's demurrer to the same paragraph of the answer; third, the admission of evidence that was contrary to law; fourth, the exclusion of evidence contrary to law; fifth, failure to charge the jury the law in the

Harding *v.* Whitney.

case; sixth, charging the jury what was not the law; seventh, overruling the motion of the plaintiff for a new trial; eighth, this error is the same, in substance, as the seventh; ninth, the court should have rendered judgment for the plaintiff according to the law and evidence; and tenth, the jury erred in rendering a verdict for the defendant, when the same should have been rendered for the plaintiff.

The point upon which the first error is assigned is not reserved by bill of exceptions, and cannot be considered by us.

There are two views which may be taken of the second paragraph of the answer. It either raised no question not involved by the general denial, or it was necessary and proper to show why the defendant made the changes which he was charged to have made in the flow of the water. In either view, the action of the court was not erroneous. Counsel for the appellant speak of this paragraph of the answer as setting up a trespass on the part of the plaintiff, and seeking to compensate the one by the other. We do not regard it in this light.

The third and fourth assignments of errors are only reasons for a new trial. They should have been presented in the motion for a new trial. As they were not, the questions attempted to be presented are not before us. The objections are too general and indefinite also. They do not show what evidence was improperly admitted or excluded.

The fifth and sixth alleged errors must be disposed of in the same way. In the motion for a new trial no complaint is made of the giving or refusing instructions.

The ninth and tenth alleged errors present no question.

The seventh and eighth errors relate to the action of the court in refusing to grant a new trial. For the grounds of this motion we must look to the written reasons for a new trial. The first ground relates to the misconduct of the juror. Affidavits were introduced in support of and against this ground. The juror swore in his affidavit that the persons who made the affidavits in support of the motion were witnesses for the plaintiff on the trial; that during the trial,

one of them came to him, and in the presence of several other persons, in one of the saloons in Brookville, said to him, that "any man that said the water ran in the north channel would swear to a d——d lie;" that he (the juror) then said to him: "You d——d fool, good men have sworn that it ran in both channels," and then informed him "that he was a juror in the cause, and did not want him to talk to him about it." He further states that this was all the conversation he had with any person concerning the suit until he went into the jury room. Taking this statement as true, as the court had a right to do, we are not prepared to say that cause was shown for setting aside the verdict and granting a new trial. The second reason for a new trial is, that the verdict is not sustained by sufficient evidence. We cannot reverse the judgment for this reason. Indeed, it seems to us that on some points the evidence is quite defective. The third reason, that the verdict is contrary to law, is not relied upon. The fourth reason, the misconduct of the jury, is not supported by affidavit, except as to the one juror, above alluded to. This was necessary. 2 G. & H. 215, sec. 355.

We find no available error in the record.

The judgment is affirmed, with costs.

*H. C. Hanna* and *F. Swift,* for appellant.

*T. B. Adams, F. Berry, W. Morrow,* and *N. Trusler,* for appellee.