DOUGLASS ET AL. *v.* BLANKENSHIP.

PRACTICE.—*Demurrer.*—It is not the office of a demurrer to bring into a case new facts. A demurrer must be sustained, if at all, for defects apparent on the face of the pleading to which it is addressed.

SAME.—*Motion to Strike Out.*—It is not an available error to strike out a par-

agraph of answer when there is another paragraph pleaded, under which the same facts may be given in evidence.

SAME.—*Assignment of Error.*—Assigning as error the refusal to give, or the giving of, certain instructions to the jury, presents no question for review.

SAME.—A motion for a new trial, on the ground of error in giving or in refusing to give instructions, must designate the instructions given or refused, and if not so designated the defect cannot be overcome by an assignment of error designating such instructions.

COSTS.—*Action for Damages and for an Injunction.*—Where an action is for damages, and to enjoin the defendant from repeating the injury complained of, and a judgment is rendered for one dollar in damages, and an injunction is granted as prayed for, the plaintiff will be entitled to recover full costs.

PRACTICE.—*Motion for New Trial.—Instructions.*—Exception taken to all of a series of instructions, when the ruling of the court thereon is assigned as a cause for a new trial, will be sufficient to embrace each of them; but where exception is taken to one or several of a series of instructions, and the ruling of the court thereon is assigned as a cause for a new trial, each should be designated by number, or its identity in some way clearly pointed out.

From the Morgan Circuit Court.

*W. R. Harrison* and *W. S. Shirley*, for appellants.

*C. F. McNutt* and *G. W. Grubbs*, for appellee.

DOWNEY, J.—Suit by the appellee against the appellants, Perry F. Douglass and Elijah E. Hull. The complaint is in three paragraphs, to each of which a separate demurrer was filed by each of the defendants, and overruled by the court. The defendants then answered jointly in three paragraphs, the general denial and two special paragraphs. The plaintiff moved the court to strike out the special paragraphs. His motion was overruled as to the second paragraph, and sustained as to the third. The plaintiff then replied to the second, and, apparently, to the third paragraph of the answer also, by a general denial and a special paragraph.

The defendants moved the court to strike out the second paragraph of the reply, and their motion was overruled.

There was a trial by a jury, a verdict in favor of the plaintiff for one dollar in damages, a motion for a new trial over-

ruled, and judgment for the amount of the verdict and full costs, and enjoining the defendants from interfering with the levee made by the plaintiff on and along his premises. The defendants moved the court to tax all of plaintiff's costs except one dollar against the plaintiff. This motion also was overruled by the court.

The errors assigned are as follows :

1. In overruling the demurrers to the complaint.

2. Striking out the third paragraph of the answer.

3. Refusing to give instructions to the jury as prayed by the defendants, and numbered 1, 2, 3, and 4.

4. Giving instructions 1, 2, 3, 4, 5, 6, 7, and 8 to the jury on its own motion.

5. In enjoining appellants from working a public road, of which they had charge.

6. In refusing to tax costs to plaintiff, made by him, over the amount of damage recovered.

7. In refusing to grant a new trial ; and,

8. In refusing to strike out the second paragraph of the plaintiff's reply, on motion of the defendants.

In the first paragraph of the complaint, it is stated, in substance, that in April, 1873, the plaintiff was, and that he still is, the owner of certain real estate near Martinsville, in Morgan county, abutting upon a highway known as the Martinsville and Morgantown road, but no other description of the land is given ; that there was a residence, outbuildings, garden, etc., thereon ; that there had accumulated and was standing in front of the premises, upon the highway, a large body of water, by drainage along and in ditches imperfectly and improperly made by defendants and others, upon and by the sides of said road ; that the defendants and their agents made and constructed a ditch on the plaintiff's land, by means whereof the water and filth accumulated therein was turned in and upon the land, garden, etc., of the plaintiff, submerging and greatly damaging the said plaintiff's premises, destroying the same for gardening, and causing a pool of water to accu-

mulate thereon, endangering the health of the plaintiff and his family, who resided thereon, etc.

The second paragraph alleges, that the defendants assumed to act as overseers and supervisors of highways in Washington township, and that the ditch could have been constructed elsewhere without so much injury to any one, and with no greater expense, and that the defendants threaten to continue to throw said water and filthy accumulations upon the plaintiff's land. In other respects, it does not differ materially from the first paragraph of the complaint.

In the third paragraph, the plaintiff alleges, that the defendants were overseer of the road and trustee of Washington township, and claiming and assuming to act as such; that the construction of the ditch was not necessary for the improvement of the road; that the road might have been improved without detriment to anybody. Otherwise, it is substantially the same as the first.

Each of the paragraphs claims damage in the sum of one hundred dollars, and the first and second ask for relief by injunction.

Counsel for appellant state their ground of objection to the complaint as follows: "Defendants' demurrer, we insist, should have been sustained to the plaintiff's complaint. Each of the paragraphs of the complaint shows that the highway was being injured by the accumulation of water upon it, that the bank or dam was cut to drain and preserve the road, and that defendants, in so doing, were but doing their duty in so cutting the bank. The face of the case, from beginning to end, shows that the plaintiff erected a nuisance or obstruction to the natural and usual flow of water, and then commenced a war upon the supervisor and trustee in defence of his nuisance; that he purchased and entered upon his premises, and made his improvements in the face of the fact that for years, in time of rains, thaws, and freshets, and in all times, in fact, the water had naturally crossed the road and gone off over his ground; that years before, in the construction of the road affected, the ditches had been so cut as to turn the water to

this low ground, and, in defiance of nature and the public authorities, he erected, and, though requested to remove it, maintained his bank until he destroyed the public highway; and, when the officers were driven by penal statutes to drain the road and cut the dam, he flew to the law to protect his unlawful bank on the body of the highway itself, and continue the destruction of the road. Such, we say, is the face of the case, and an examination of its several features, we insist, will further show it."

It is not the office of a demurrer to bring into the case new facts. A demurrer which attempts to do so is sometimes, for this reason, called " a speaking demurrer." A demurrer must be sustained, if at all, for. defects apparent on the face of the pleading to which it is filed.

Most, if not all, that is said in support of the first assignment of error, is matter not appearing in any of the paragraphs of the complaint, to which the demurrers were filed. The first paragraph makes no mention of the official capacity of the defendants. The second alleges the official capacity of the defendants, and relies upon the fact, in addition to what is stated in the first, that the ditch could have been constructed elsewhere without so much injury to any one else or to plaintiff, and without any increased expense. The third paragraph alleges the official capacity of the defendants, and avers that the construction of the ditch was unnecessary for the improvement of the road, and that the road might have been improved without detriment to anybody.

We do not perceive that the court committed any error in overruling the demurrers to the several paragraphs of the complaint. Neither the second nor the third paragraphs, which mention the official capacity of the defendants, shows that, under the circumstances alleged, they were justifiable in doing the acts which are alleged to have been done by them.

The next alleged error is the striking out of the third paragraph of the answer. The first paragraph was a general denial. The second contained the following allegations : That at the time when, etc., Hull was supervisor, etc., and Douglass was

township trustee ; that at the place where the supposed trespass was committed upon and along said highway, the same abuts said plaintiff's premises; that at, etc., the plaintiff had erected and was maintaining a nuisance along and upon said highway, by making and maintaining an earthen bank and dam on and along the same on the south side thereof, and over and across the natural channel of large amounts of water, which in all times gathered and flowed, and thereby caused the overflow of said road, and caused the same to become soft, muddy, and impassable; that the plaintiff was requested by the supervisor to remove the same and permit the water to flow off the road, etc., and refused so to do; that thereupon Hull, as supervisor, removed so much of the said dam and bank, and no more, as was necessary to allow the water to flow off the road, etc., which he did with care and diligence, doing plaintiff no unnecessary damage, and that defendant Douglass in no way aided or abetted therein, except simply to direct the defendant Hull to do his duty as such supervisor.

The third paragraph, the one struck out, in substance, is the same as the second. Whatever evidence, material to the controversy, might have been admitted under the third paragraph, could have been received under the second. There was therefore no available error in striking out the third paragraph.

The third and fourth alleged errors, relating to the refusal to give instructions and the giving of other instructions, present no question, as has been often decided.

The fifth error assigned is the enjoining of the appellants from working a public road, of which they had charge. We do not find any such clause or provision in the judgment. The court enjoined the defendants from "interfering with the levee made by the plaintiff on and along his premises," but did not enjoin them from working the highway.

The sixth error, in order, is the refusal of the court to tax the costs of the plaintiff to him, except to the amount of the damages recovered—one dollar. The statute, on the subject, reads as follows: "In all actions for damages solely, not

arising out of contract, if the plaintiff do not recover five dollars damages, he shall recover no more costs than damages, except in actions for injuries to character and false imprisonment, and where the title to real estate comes in question." 2 G. & H. 227, sec. 398.

The action in this case was not for damages solely, but one of its objects was to have the defendants enjoined from continuing or repeating the injury, and this part of the relief was granted, as we have seen. Hence the section of the statute quoted does not apply to the case, and the court was right in denying the motion.

The next alleged error is the refusal of the court to grant a new trial. The grounds of the motion were as follows :

1. That the verdict of the jury is contrary to the law and the evidence.

2. That the court erred in its instructions to the jury asked by the plaintiff.

3. That the court erred in refusing to give instructions asked by the defendants ; and,

4. That the court erred in giving instructions to the jury on its own motion.

We do not regard the case, upon the evidence, as one where we can reverse the judgment because the verdict was contrary to law and the evidence. There were many witnesses on both sides of the case, and much evidence. The verdict was not unsupported by the evidence.

The questions sought to be presented, with reference to the instructions given and those refused, cannot be considered. An attempt was made, as we have seen, in the third and fourth assignments of error, to designate the instructions which were improperly refused, on the one hand, and those wrongfully given, on the other. But this cannot be done. The motion for a new trial cannot be helped out in this way. It should have designated more particularly the instructions in question. We are not inclined to relax this rule. Fairness to the circuit court requires its enforcement, to the extent of requiring reasonable particularity at least.

Douglass *et al.* v. Blankenship.

The last alleged error is the refusal of the court to strike out the second paragraph of the reply. This question is not presented by any bill of exceptions, and is not, therefore, properly before us for decision. *Swinney* v. *Nave*, 22 Ind. 178; *Clem* v. *Martin*, 34 Ind. 341; *The Chicago, etc., R. R. Co.* v. *West*, 37 Ind. 211; *Harding* v. *Whitney*, 40 Ind. 379; *Reeves* v. *Plough*, 41 Ind. 204. There are probably other cases to the same effect.

The judgment is affirmed, with costs.

### ON PETITION FOR A REHEARING.

BIDDLE, J.—It is strongly urged upon us that the assignment of causes in this record for a new trial is sufficient to raise the questions of law in this court. *Dawson* v. *Coffman*, 28 Ind. 220, and *Bartholomew* v. *Langsdale*, 35 Ind. 278, are cited in support of the petition. The causes in this case are assigned in the following words:

"3. That the court erred in refusing to give instructions asked by defendant.

"4. That the court erred in giving instructions to the jury on its own motion."

It will be perceived at once that these causes nowhere point out in what the error complained of consists; whether it was in refusing instructions according to law, or giving instructions contrary to law, or giving them at an improper time, or refusing them at a proper time, or any other error which a court might commit in giving or refusing instructions to a jury. In both of the cases cited, the causes assigned were giving instructions "contrary to law."

In *Dawson* v. *Coffman*, each of the instructions was excepted to, and in *Bartholomew* v. *Langsdale*, the language of the cause assigned was as follows: "That the instructions given by the court to the jury are erroneous, in this," etc. We think this is equivalent to saying that all the instructions given, etc. In the present case, there were four instructions asked by the appellee and given by the court, and eight given by the court

on its own motion; and we cannot regard the language used in assigning the causes as fairly meaning that all the instructions in either series were erroneous, or that each one of either series was erroneous. A single error in either series would make the cause true, and that error is left for the court below to find somewhere within one or the other of the two series of charges, which come before this court in seven pages of badly written record.

Exceptions taken to all of a series of instructions, when the ruling of the court thereon is assigned as a cause for a new trial, will be sufficient to embrace each of them; but when exceptions are taken to one or several of a series of instructions, and the ruling of the court thereon is assigned as a cause for a new trial, each should be designated by number, or its identity in some way clearly pointed out. Such a practice is no more than fair to the opposite party, and just to the court; and we think it is in accordance with the code.

The courts, already overburdened, ought not to be required to perform the labor which the parties should do for themselves. They should inform the court clearly of what they complain; if they do not, it must be held as waived. The cases cited are not in point, and do not support the petition. Besides, the case of *Waggoner* v. *Liston,* 37 Ind. 357, decided since the cases cited by the appellants, and *Elliott* v. *Woodward,* 18 Ind. 183, *Snodgrass* v. *Hunt,* 15 Ind. 274, *Barnard* v. *Graham,* 14 Ind. 322, *Medler* v. *Hiatt,* 14 Ind. 405, and *Robinson* v. *Hadley,* 14 Ind. 417, neither of which has been overruled or modified, fully support the views taken in this opinion.

The petition for a rehearing is overruled.