## BOWERS ET AL. *v.* BOWERS.

WILL.—*Marriage.*—The rule of the common law, that the mere marriage of a man, after he has made a will, does not revoke the will, is not changed by statute in this State.

NEW TRIAL.—*Motion.*—*Evidence.*—*Instructions to Jury.*—A motion for a new trial on the ground of the admission or exclusion of evidence must point out the evidence in question; and a motion for a new trial on the ground of the giving or the refusal to give instructions to the jury must point out the instructions in question.

SAME. — *Newly-Discovered Evidence.* — A motion for a new trial, on the ground of newly-discovered evidence, was properly overruled, where it was not shown what diligence was used to discover the evidence before trial, and there was no affidavit made by a party to the action, and the newly-discovered evidence was only cumulative.

From the Miami Common Pleas Court.

*Shirk & Mitchell, Pettit & Taylor* and *Baldwin & Winfield,* for appellants.

*J. L. Farrar, J. Farrar, R. P. Effinger* and *N. O. Ross,* for appellee.

PETTIT, J.—This suit was brought by James Bowers, the appellee, against the appellants, Mary Bowers, widow, and the heirs of George Bowers, deceased, to establish a lost will of the deceased, under our statute. 2 G. & H. 561–2.

There is an irregularity in the title of the assignment of errors. Mary Bowers, one of the defendants below, assigns errors against the plaintiff and her co-defendants. This ought not to be done, unless the co-defendants had obtained an order, judgment or decree against her, which was not the case here.

We do not think this mistake of much consequence, as the whole contest in the case was between James Bowers, the devisee, and Mary Bowers, widow of the testator; but we direct the clerk, in making his entries, to change the names of all of the appellees, except James Bowers, making them appear as appellants with Mary Bowers.

Mary Bowers alone answered the complaint:

1. By general denial.

2. That after the will was made, she married the testator, had no child by him, but that the testator revoked, burned and destroyed the will before his death.

No question is raised on the pleadings.

There was a trial by jury, and a general verdict for the plaintiff, with answers to numerous interrogatories propounded and asked by both parties, all answered, fully sustaining the general verdict.

The assignment of error only raises the question of the legality of overruling the motion for a new trial. The motion for a new trial was in these words:

"The defendants move the court for a new trial, and allege therefor the following causes, to wit:

"1. The verdict is not sustained by sufficient evidence.

"2. The verdict of the jury is contrary to law.

"3. Newly-discovered evidence material for said defendants, and each of them, which they, nor either of them could, with reasonable diligence, have discovered and produced at the trial.

"4. Error of law occurring at the trial, and excepted to by said defendants and each of them. And defendants name the following particulars:

"First. That the defendants offered proper and competent evidence, which the court, on plaintiff's objection, excluded.

"Second. The plaintiff offered improper and incompetent evidence, which the court, over said defendants' objection, allowed and gave to the jury.

"Third. That the defendants tendered to the court proper charges, and demanded that the same be given in charge to the jury, which the court refused and excluded.

"Fourth. That the plaintiff tendered to the court charges improper to be given to the jury, which the court gave, over the objection of the defendants.

"Fifth. That the court, of its own instance, gave improper charges to the jury."

History of the case, as shown by the record:

George Bowers, the testator, had an illegitimate son, James Bowers, and had taken, raised and provided for him, and made a will devising all of his property to him. After this will was made, George Bowers, the testator, married the appellant, Mary Bowers, by whom he had no child, and he died without legitimate issue.

It is claimed that his marriage, after making his will, revoked it.

It is admitted on both sides, and authorities are cited, that at common law, a mere marriage did not revoke a will, but that marriage and legitimate issue were necessary to revoke a will. It is claimed that our statute has changed this rule, and that a marriage after the will is made revokes it. To this view we do not agree. Our statute, 2 G. & H. 552, secs. 3, 4 and 5; sec. 19, p. 555, provides what acts shall

operate as a revocation of a will, and marriage of the testator is not one of them, and we hold that the common law on this point is not changed by statute. The fifth section cited above revokes the will of an unmarried woman, if she shall marry, but it does not apply to a man.

The evidence is long, conflicting, and, in some particulars, directly contradictory; but these were questions for the jury to determine, and say whom they would believe; and after a full and careful examination of the evidence, we think it justly and fully warranted the findings, general and special.

The reasons for a new trial for receiving and rejecting evidence, and giving and refusing instructions, are too indefinite to raise any question. They do not point out what evidence was received or rejected, nor what instructions were given or refused. Buskirk Prac., title New Trial.

The only objection made in the brief to instructions is, that the court refused to instruct that the marriage revoked the will. We have already disposed of this question.

The third reason for a new trial is newly-discovered evidence. This reason does not show or point out what diligence was used to discover the evidence before trial, nor is there any affidavit made by a party to the suit. This reason is insufficient. Buskirk Pr. 240, 241. A man by the name of Henry Ader made three affidavits under this reason, swearing in each that he was a party defendant in the suit. This is not true by the record. He was not made a party by the complaint, was not admitted as a party by the court, nor is he a party in the assignment of error, nor had he any right to be a party to the suit. He was a son of Mary Bowers, the appellant and widow of George Bowers, the testator, by a former husband, and had no legal rights in the estate of the testator. However commendable it may be for a son to protect the supposed or real rights of his mother, it will not do for him to swear that he is a party to

a suit, when the record shows that he is not and ought not to be..

These affidavits talk about surprise and excusable negligence, but as there is no reason for a new trial on these grounds, these affidavits can have no force or consideration.

As to the newly-discovered evidence, the affidavits show nothing as to the diligence used to discover it, but they show that the newly-discovered evidence was cumulative only of the evidence given as to the destruction of the will.

There is no error in the record.

The judgment is affirmed, at the costs of the appellants.

Opinion filed May term, 1876; petition for a rehearing overruled November term, 1876.

