Grant v. Westfall.

We see no alternative left us but to affirm the judgment of the court below.

Judgment affirmed, with costs.

---

GRANT v. WESTFALL.

SUPREME COURT.—*Assignment of Error.*—*New Trial.*—*Practice.*—An assignment as error of a ruling which is merely cause for a new trial, presents no question to the Supreme Court, on appeal.

SAME.—Every cause for a new trial, properly assigned in the motion therefor, is brought before the Supreme Court for review, by an assignment as error of the ruling of the lower court on such motion.

NEW TRIAL.—*Motion.*—*Evidence.*—*Practice.*—A motion for a new trial, based upon the alleged erroneous admission or exclusion of evidence, must clearly specify the evidence in question.

SAME.—*Instruction to Jury.*—A motion for a new trial, based upon the alleged erroneous giving or refusal of an instruction to the jury, must clearly specify the instruction in question.

SUPREME COURT.—*Verdict.*—*Weight of Evidence.*—*Practice.*—A verdict will not be disturbed by the Supreme Court, on appeal, where there is evidence tending to support it.

From the Vigo Circuit Court.

*S. B. Gookins* and *G. C. Duy*, for appellant.

*S. C. Davis, S. B. Davis, E. D. Seldomridge, J. P. Baird, C. Cruft* and *J. N. Pierce*, for appellee.

HOWK, J.—In this action the appellee was plaintiff, and the appellant and George Carico, sheriff of Vigo county, Indiana, were defendants, in the court below. In his complaint, the appellee alleged, in substance, that on the 9th day of December, 1870, Ann Westfall, Mortimer Westfall and Frank M. Westfall conveyed by warranty deed to the appellee the real estate in the city of Terre Haute, in said Vigo county, particularly described in said complaint; that afterward, on the — day of ———, 1871, Daniel F. Gennett and others obtained a judgment, in the

Vigo Common Pleas Court, in the sum of three hundred and forty-seven dollars and seven cents, against the said Ann, Mortimer and Frank M. Westfall; that at the September term, 1872, of the court below, the said Daniel F. Gennett and others commenced proceedings to have the said conveyance to the appellee set aside, and obtained a judgment against the said Westfalls and the appellee, setting aside said conveyance, and subjecting said real estate to the payment of the aforesaid judgment against said Ann, Mortimer and Frank M. Westfall; that afterward, on the 22d day of November, 1873, said real estate was sold on an execution or order of sale, to satisfy said judgment, and the said Gennett and others, the said judgment-plaintiffs, became the purchasers of said real estate, paying therefor the sum of —— dollars, the exact amount of their judgment and costs, which sum was all they ever, at any time, paid for said property; that when said judgment-plaintiffs purchased said real estate, on said 22d day of November, 1873, they took a sheriff's certificate for a deed, which certificate entitled them to a deed within one year from that time from the sheriff, on conditions therein specified; that on the 21st day of November, 1874, and before the time of redemption had expired, the appellee paid the said Daniel F. Gennett and others, the said judgment-plaintiffs, the sum of four hundred and ninety-seven dollars and seven cents, the full amount of judgment, interests and costs, due said Gennett and others, on which said real estate was sold; that, at the time the appellee paid said money, he had no notice of any assignment of said sheriff's certificate, but paid the money in good faith to said judgment-plaintiffs, believing them to be the owners and holders of said claim and certificate; that the appellant claimed to hold said sheriff's certificate by assignment from said judgment-plaintiffs, and demanded that his codefendant, George Carico, then sheriff of Vigo county, should make him, on said certificate, a deed to said real estate, and threatened and was about to compel

said Carico, as such sheriff, to make such deed, and that said Carico, as such sheriff, was about to execute such deed to the appellant; and that the appellee was informed and believed that the appellant's title to said certificate was merely colorable, and that the assignment thereof to him was made without consideration; and that, if said Carico should make said deed to appellant, it would work irreparable injury to appellee. Wherefore appellee prayed for a temporary restraining order, and, on final hearing, for a perpetual injunction against said George Carico, sheriff, from executing said deed to appellant, that said sheriff's certificate might be cancelled, and for all other proper relief.

To appellee's complaint the appellant answered, admitting the allegations of the complaint, except that he denies that all the judgment-plaintiffs became the purchasers at said sheriff's sale of the real estate in controversy, but he avers that Theodore Schwartz, one of said judgment-plaintiffs, became such purchaser, and took the sheriff's certificate for a deed, which entitled him to a deed of said real estate, on the conditions therein specified; and the appellant averred, that on the 3d day of January, 1874, said Theodore Schwartz, by his written assignment on said certificate, for a valuable consideration paid in good faith, assigned said certificate to the appellant, and that from that time he had been the owner and holder of said certificate; that whether the appellee had paid said judgment-plaintiffs, before the time for redemption had expired, the sum of four hundred and ninety-seven dollars and seven cents, as stated in the complaint, was unknown to the appellant, but from the best of his information and belief he denied that the appellee had made such payment; and the appellant denied that said judgment-plaintiffs had any right or power to receive such payment, they having no interest in said certificate at the time of such alleged payment; and the appellant denied that his title to said certificate was merely colora-

ble; and he denied that it was made to him without consideration, and he averred that it was made upon a valuable consideration, paid in good faith by the appellant. And appellant admitted, that, as owner and holder of said certificate, he had demanded of the defendant Carico, then sheriff of Vigo county, that he make a deed to appellant of said real estate; and appellant asked that his answer be taken as a cross-bill against the appellee and said Carico, and that said Carico be required by an order of the court below to execute to appellant a deed of said real estate, pursuant to said certificate, and that his title thereto be quieted and confirmed, and for all proper relief.

To appellant's answer and cross-bill, appellee replied in two paragraphs:

1. A general denial; and,

2. In his second paragraph, the appellee alleged, in substance, that said judgment-plaintiffs, said Theodore Schwartz included, were partners at the time said judgment was taken, and said sale made on execution; that said judgment was a firm judgment, and the sale was for the benefit of the firm, and said Schwartz bid in said real estate for the firm, and paid nothing to his partners on said sale, and nothing to the sheriff except costs, which he paid with the firm money, and gave the sheriff the firm's receipt for principal and interest; that Isaac N. Pierce, an attorney of the court below, was employed by said firm to collect said debt from the appellee and other parties liable on said debt; that said Pierce obtained said judgment and decree to sell said real estate, and superintended said sale and made the bid for said Schwartz, and had a general employment to collect the amount due; that said Schwartz and said firm were all non-residents, and had no agent here to receive the money for redemption other than said Pierce, who was their agent and attorney for said purpose, and had never been discharged from his said employment; that appellee paid to said Pierce the full amount of the purchase-money and inter-

est within the time for redemption, without any notice of an assignment to appellant, and fully believing that said Pierce was authorized to receive said money; and that the appellant, at the time said judgment was taken, and said sale was made, and said assignment was made to him, had an interest in and was a member of said firm. Wherefore, etc.·

And the issues joined in this action were tried by a jury in the court below, and a verdict was returned for the appellee. On written causes, the appellant moved the court for a new trial, which motion was overruled, and appellant excepted, and judgment was rendered on the verdict.

The only alleged error of the court below, properly assigned by the appellant in this court, is the overruling of his motion for a new trial.

The appellee has also assigned, as alleged errors, the several causes for a new trial specified in his motion therefor; but this assignment was unnecessary and improper. Every cause for a new trial, properly specified in the motion therefor, is brought under review in this court by the simple assignment as error of the ruling of the court below on the motion for such new trial.

In this case, the causes for a new trial, in appellant's motion therefor addressed to the court below, were thus stated :

" 1. The court erred in admitting evidence offered by plaintiff, and objected to by defendant;

" 2. In excluding evidence offered by defendant, on plaintiff's objections :

" 3. The verdict of the jury is contrary to law and the evidence;

" 4. The court erred, in instructing the jury as prayed by the plaintiff; and,

" 5. The court erred, in refusing to instruct the jury as prayed by the defendant, and in changing and modi-

fying instructions as prayed by the defendant, and in giving them as modified."

The first two of these alleged causes for a new trial were too vague, indefinite and uncertain to point out to the court below, with any sufficient precision, the rulings complained of, or to present to this court any question for our consideration. It has been repeatedly held by this court, that where a party complains of an alleged erroneous decision of the court trying the cause, either in the admission or exclusion of offered evidence, he must point out in his motion for a new trial, with reasonable certainty, the particular evidence admitted or excluded; otherwise the court below need not, and this court will not, consider such alleged erroneous decision. *Reeves* v. *Plough*, 41 Ind. 204; *Holding* v. *Smith*, 42 Ind. 536; *Betson* v. *The State, ex rel., etc.*, 47 Ind. 54; *Bowers* v. *Bowers*, 53 Ind. 430.

Under these authorities, and others to the same effect in our Reports, we are bound to hold, that the first and second causes for a new trial, assigned by appellant in his motion therefor in this action, were insufficient, by reason of their vagueness and uncertainty, and present no question for our consideration.

The same objections will apply with equal force to the fourth and fifth causes for a new trial, as specified in appellant's motion in this action. These two causes for a new trial complain of alleged errors of the court below in instructing, and in refusing to instruct, the jury trying the cause. This court has uniformly held for years past, that a motion for a new trial, on the ground of error of law, either in giving or in refusing to give instructions to the jury, must specify with reasonable certainty the particular instructions which the court erred in giving, and the particular instructions which the court erred in refusing to give. *Reeves* v. *Plough, supra; Bowman* v. *Phillips*, 47 Ind. 341; *Adams* v. *Holmes*, 48 Ind. 299; *Douglass* v. *Blankenship*, 50 Ind. 160.

We think this requirement a wise and reasonable one, and we know of no good reason for changing the well-established rule.

This disposes of all the causes for a new trial, assigned in appellant's motion, except the third cause, that "the verdict of the jury is contrary to law and the evidence." The only question presented by this cause for a new trial is, whether or not the verdict of the jury is sustained by sufficient legal evidence. We think it is. There was evidence before the jury tending to sustain their verdict, and where this is the case, in our opinion we ought not to disturb the verdict.

The court below committed no error, in overruling the appellant's motion for a new trial.

The judgment of the court below is affirmed, at the costs of the appellant.