Bridgewater *et al. v.* Bridgewater *et al.*

---

## BRIDGEWATER ET AL. *v.* BRIDGEWATER ET AL.

SUPREME COURT.—*Instruction.—New Trial.—Assignment of Error.*—Error in giving or refusing to give an instruction to a jury is ground for a new trial, but can not be assigned independently as error, on appeal to the Supreme Court.

SAME.— *Weight of Evidence.*—Where there is evidence tending to support the verdict of a jury, the Supreme Court will not disturb it on the mere weight of evidence.

SAME.—*Trial.—Verdict after Expiration of Term.*—Where a trial is commenced during a term of court, it may be continued beyond the term until it is completed.

From the Orange Circuit Court.

*A. J. Simpson,* for appellants.

*S. H. Buskirk* and *J. W. Nichol,* for appellees.

NIBLACK, C. J.—This was an action by Daniel Bridgewater and others against Elias Bridgewater and others, to set aside what purported to be the last will, together with the probate thereof, of Isaac Bridgewater, deceased, and to revoke the letters of administration with such will annexed, which had been granted on his estate to Lemuel Pickens, one of the defendants, on the ground that the decedent was not of sound mind at the time of the execution of the alleged will.

The answer was in general denial.

The cause was twice tried in the court below, each trial resulting in a verdict for the plaintiffs.

Upon the return of the last verdict the defendants moved the court for a new trial, and assigned as causes, and the only causes, the following :

1. That the verdict was contrary to law ;

2. That the verdict was contrary to the evidence ;

3. That the verdict was not sustained by sufficient evidence ;

4. For error of the court in receiving the verdict of the jury after the expiration of the term of the court at which the cause was tried, such term having expired at midnight on Saturday the 13th day of November, 1875, and the verdict not having been received until Monday the 15th day of the same month.

But the motion was overruled, and the court rendered judgment setting aside the alleged will, and revoking the letters of administration issued to Pickens under said will, as above stated.

The appellants have assigned for error here :

1. That the court below erred in overruling their motion for a new trial ;

2. That the court below erred in its instructions given to the jury;

3. That the court below erred in refusing to give instructions numbered eight (8) and nine (9), prayed for by the appellants.

The giving of improper instructions by the court trying a cause, and the refusal of such court to give proper instructions when prayed for in due form, constitute errors of law occurring at the trial, for which a new trial ought to be granted, when exceptions are duly reserved; but, when such errors are not presented as causes for a new trial, they are waived, and no question upon any such instructions arises on appeal to this court. *Corbin* v. *Sullivan*, 47 Ind. 356; *Douglass* v. *Blankenship*, ·50 Ind. 160; *Sutherland* v. *Venard*, 34 Ind. 390.

The assignment of error in this court upon what was, or what might have been, a cause for a new trial in the court below, presents no question for our decision here. *Claflin.* v. *Dawson*, 58 Ind. 408; *Grant* v. *Westfall*, 57 Ind. 121, *Gregory* v. *Schoenell*, 55 Ind. 101; *Douglass* v. *Blankenship*, *supra*.

Therefore, neither the second nor the third assignment of error in this case presents any question for decision in this court.

Under the first assignment of error such questions only are presented as arise upon the causes assigned for a new trial.

The objection, that the court erred in receiving the verdict of the jury after the close of the term during which the cause was submitted to them, is not well sustained.

In the first place, the record does not show any objection to the reception of the verdict when it was returned. In the next place, this court has decided that a trial commenced during a term of a circuit court may be continued beyond the term if necessary to complete it. *Wright* v. *The State*, 5 Ind. 290.

The only question arising upon the evidence is as to its sufficiency to sustain the verdict.

On the motion for a new trial, as has been seen, no objection was made to the admission or rejection of any testimony.

As the evidence comes to us in the record, it does not impress us as having made a strong case, by any means, for the appellees. There was a sharp conflict in the testimony as to many of the material facts involved in the contest, and we cannot say that, upon the whole case, the weight of the evidence was not seemingly against the verdict. But it is not our province to weigh the evidence. There was evidence fairly tending to sustain the verdict. Under such circumstances we cannot set aside the verdict because of any apparent weight of evidence against it. *Simpson* v. *Payne,* 58 Ind. 431 ; *Christy* v. *Holmes,* 57 Ind. 314 ; *Cox* v. *The State,* 49 Ind. 568 ; *The M. & I. R. R. Co.* v. *Taffe,* 37 Ind. 361.

We see no available error in the record.

The judgment is affirmed, at the costs of the appellants.