Cottrell *et al. v.* Shadley.

No. 8384.

COTTRELL ET AL. *v.* SHADLEY.

PROMISSORY NOTE.—*Endorsers.*—*Makers.*—*Pleading.*—In a suit upon a note signed by two and endorsed with the names of two others, a paragraph of complaint, alleging that the persons endorsing placed their names there as joint makers and sureties, is sufficient on demurrer.

PRACTICE.—*Venire de novo.*—If a verdict find less than the whole matter in issue, the remedy is by a *venire de novo*.

NEW TRIAL. — *Evidence.* — The Supreme Court will not award a new trial on a question of preponderance of evidence, or credibility of witnesses.

SAME.—*Practice.*—*Instructions.*—In assigning as cause for a new trial the giving, or failure to give, certain instructions to the jury, the motion must designate the instructions alluded to.

SAME.—*Bill of Exceptions.*—A fact occurring in argument at the trial, to be made available in the Supreme Court as a reason for a new trial, must be shown by bill of exceptions.

INSTRUCTION. — An instruction telling the jury that evidence, which merely tends to prove a fact, really proves it, should not be given; especially, where the court has already given a correct instruction on the same matter.

SPECIAL FINDINGS. — *Jury.* — The jury should not be required to find specially upon a question of fact which is immaterial.

From the Vigo Circuit Court. ·

*R. Dunigan, W. W. Rumsey, J. M. Allen* and *W. Mack,* for appellants.

*C. F. McNutt, J. G. McNutt,* —— *Royse* and —— *Royse,* for appellee.

BICKNELL, C. C.—The appellee brought two suits on the same note, one before a justice of the peace of Vigo county, against John C. Pierce, Abraham H. Sparks, his assignee, and Isaac Cottrell; the other before a justice of the peace of Parke county, against Albert B. Modisett and David L. Modisett. The note was as follows:

"$400.        TERRE HAUTE, IND., Nov. 15, 1876.

"Thirty-one months after date, I promise to pay to the order of Mary Shadley, four hundred dollars, for value received, without any relief whatever from valuation or appraisement laws, without interest.

     (Signed)          "JOHN C. PIERCE,

                         "A. B. MODISETT."

Endorsed: "Isaac Cottrell, D. L. Modisett."

"February 14, 1877, received on the within note two hundred and fifty dollars."

The complaint in each case alleged that Pierce and Cottrell and the two Modisetts executed the note as joint and several makers; the complaint in the Vigo county suit averred that Cottrell signed his name on the back of the note as a maker and surety for Pierce before its delivery to the plaintiff, and that, after the execution of the note, Pierce made a general assignment of all his property to his co-defendant Abraham H. Sparks; the complaint in the Parke

county suit averred that David L. Modisett placed his name on the back of the note and A. B. Modisett signed the note, as joint and several makers thereof and sureties for said Pierce ; and both complaints averred that the note, except as to the $250 credited thereon, was due and unpaid. These two suits were found on the docket of the Vigo Circuit Court in September, 1879, and were there consolidated. Isaac Cottrell and David L. Modisett filed a joint answer in the consolidated suit in two paragraphs, viz. :

1st.  The general denial.

2d.  That they endorsed the note without intending to become joint makers, upon an agreement with plaintiff to be liable only after a failure to collect the note from Pierce and Albert Modisett, by due and legal diligence, and that plaintiff had not used such diligence.

Albert Modisett filed a cross complaint against the plaintiff and Cottrell and David Modisett, averring that he signed the note as surety for Pierce, upon an agreement with him that Cottrell and David Modisett should also sign the note as co-sureties and makers, and that the note should not be delivered to the plaintiff until their signatures should be upon it as joint makers ; that the plaintiff induced Cottrell and David Modisett to become endorsers only of the note, and then delivered the note to the plaintiff without his (Albert Modisett's) consent or knowledge.   The prayer of this cross complaint is, that his signature upon the note be cancelled, and that he have all proper relief.

The plaintiff answered this cross complaint by a general denial, and filed a demurrer to the second paragraph of the answer of Cottrell and David Modisett.   This demurrer is not in the record.   It was overruled, and the plaintiff filed a reply to said second paragraph, denying that Cottrell and David Modisett signed the note as endorsers, and admitting that they put their names on the back of the note after its execution by Pierce, and alleging that the note was given to

her by Pierce only, signed by him only, in payment for land, and was secured by mortgage, and that she and Pierce agreed that he should get Albert Modisett and David Modisett and Isaac Cottrell and Abraham Sparks to sign the note as sureties, and then she would release the mortgage; that Pierce procured the Modisetts and Cottrell to come to her house and sign the note; that Albert Modisett came first and signed his name on the face of the note; that afterward, David Modisett and Cottrell came, and, because there was no room to sign on the face of the note, they signed on the back of the note, as sureties and joint makers, and said that such signing would be the same in law as if they signed on the face, and then said plaintiff accepted said note and released said mortgage.

The defendant Abraham H. Sparks, the assignee of Pierce, answered the plaintiff's complaint by a general denial. The record takes no further notice of him, and states nothing further as to the defendant Pierce.

The issues joined upon the complaint and cross complaint were tried by a jury, who returned the following verdict: "We, the jury, find for the plaintiff, and assess her damages at $152.75, against Albert B. Modisett, David L. Modisett and Isaac Cottrell." They had been directed by the court, on motion of the defendant Albert Modisett, that, if they should make a general verdict, they should find specially upon certain questions of fact, stated in writing. They returned said special questions and their answers thereto with their verdict, viz.:

"1. Was not the agreement between Albert Modisett and Pierce, that Albert was to sign as surety on Pierce's note, with Cottrell and David Modisett as equal sureties with him? Ans. Yes.

"2. Was not the agreement between Albert, Mrs. Shadley and Pierce, at the time Albert signed the note, that David Modisett and Isaac Cottrell should sign the note as sureties

with him before the mortgage should be released or the sign-ing of Albert should be of any effect? Ans. Yes.

"3. Answer whether Isaac Cottrell and David Modisett signed the note as endorsers or as equal sureties with Albert Modisett? Ans. As equal sureties.

"4. Answer whether Albert Modisett signed the note in the presence of Cottrell and David Modisett? Ans. No.

"5. Did not Cottrell and David Modisett sign their names in the absence of Albert Modisett? Ans. Yes.

"6. Did Isaac Cottrell and David Modisett sign and exe-cute the note as sureties for Pierce with Albert Modisett? Ans. Yes.

"7. Did. Cottrell.and David Modisett sign the note simply as endorsers, or did they sign it as sureties? Ans. As sureties."

Isaac Cottrell moved for a new trial for six reasons, to be stated hereafter. This motion was overruled, judgment was rendered upon the verdict, and the defendants, the Modi-setts and Isaac Cottrell, appealed.

They assign as errors:

1. Overruling the motion for a new trial;

2. That the complaint does not state facts sufficient to constitute a cause of action against the appellants;

3. That the verdict of the jury is imperfect, and does not find on all the issues.

The third assignment of error presents no question for our consideration. Where a verdict is imperfect by finding less than the whole matter put in issue, the proper remedy is a *venire de novo.* 2 Tidd's Practice, p. 922; Buskirk's Prac-tice, p. 219.

The second assignment of error questions the sufficiency of the complaints. They were clearly good before a justice of the peace.

As to the alleged error in overruling the motion for a new trial, the first cause alleged for a new trial is, that "the ver-

dict is not sustained by sufficient evidence as to the defendant Cottrell." The appellee claims that the evidence is not in the record. The bill of exceptions begins thus, "Be it remembered, that, on the trial of this cause, the following evidence was adduced." It ends thus, "And this was all the evidence." It does not appear by the record that any evidence, not in the bill of exceptions, was given in the cause; and the statement, "this was all the evidence," may be taken to mean, all the evidence given in the cause.

There was a conflict of testimony. One woman contradicted three men. It was for the jury to determine whether the woman or the men ought to be believed; and this court can not interfere with their determination, where the question is merely as to the preponderance of the testimony. *Lane* v. *Clodfelter*, 67 Ind. 51.

The second reason alleged for a new trial, to wit, that the court erred in refusing to give instructions asked for by defendant Cottrell, presents no question for consideration, because the instructions referred to are not sufficiently designated. *Douglass* v. *Blankenship*, 50 Ind. 160.

The third reason for a new trial is "error of the court in refusing to permit the jury to answer interrogatory number 1, propounded by defendant Cottrell." This interrogatory was, "Did not Isaac Cottrell tell Mrs. Shadley that he signed the note as endorser on the day he signed the note in controversy, and that he would be liable as endorser only, and that she should sue on the note when it became due?" The court properly refused to require the jury to answer this interrogatory, because it was not directed to the time when the note was signed, and was therefore immaterial.

The fourth reason for a new trial is, that "the court erred in giving instructions concerning the liability of Albert Modisett, in case the jury should find that Cottrell and David Modisett signed the note as endorsers." This reason presents no question for consideration, because the instructions

referred to are not sufficiently designated.    *Douglass* v. *Blankenship, supra*.

The fifth reason for a new trial is, that the "court erred in permitting the counsel for the plaintiff to argue propositions of law to the court in the presence of the jury, which defendant Cottrell had no opportunity to answer." This reason amounts to nothing; the fact alleged therein is not shown to be true by any bill of exceptions. *Hyatt* v. *Clements*, 65 Ind. 12.

The sixth reason for a new trial is, that the court erred "in refusing to give instruction No. 1, proposed and presented to the judge before the argument began." The instruction was as follows:

"If you believe, from the evidence in the case, that Isaac Cottrell told Mrs. Shadley at the time he signed the note in controversy, and before she released the mortgage which was given to secure the note, that he was signing the note as endorser only, then she had notice of the liability of Cottrell; and if you believe that fact to be true, you should find for defendant Cottrell."

This instruction was properly refused. The court, at the request of Cottrell, had told the jury, that, "when a party places his name on the back of a note, so as to create a liability to the payee, the presumption is that he intends to be an endorser, but such presumption may be rebutted by parol evidence; and that if, on this point, they should find a preponderance of evidence on the side of Modisett and Cottrell, they should find for them; and that if they believed from the evidence, that Cottrell and David Modisett signed the note as endorsers only, they should find for them."

The proposed instruction number 1 was wrong, because it stated substantially, that a single item of evidence, tending to show a liability as endorser, would be conclusive upon that point. There was no error in overruling the motion for a new trial, and there is no available error in the record.

.The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered by the court, upon the foregoing opinion, that the judgment of the court below be, and it is hereby, in all things affirmed, at the costs of the appellants.