The Ohio and Mississippi Railway Company *v.* McCartney.

Filed Jan. 10, 1890.

⬥

No. 13,803.

## THE OHIO AND MISSISSIPPI RAILWAY COMPANY *v.* MC-CARTNEY.

NEGLIGENCE. — *Railroad.* — *Fire from Locomotive.* — *Action for Damages.* — *Pleading.*—*Complaint.*—In an action to recover damages a complaint alleged "that on the 7th day of November, 1885, while the defendant was running a locomotive over its track, sparks and fire escaped from the locomotive and negligently set fire to grass upon the plaintiff's land, and burned and destroyed," etc.; * * * that said fire, injury and damage were not in any manner caused by the act, fault or neglect of the plaintiff, but wholly by the neglect and carelessness of the defendant.

*Held*, that the complaint is good as charging, in general terms, negligence on the part of the defendant.

SAME.—*Averment of.*—*Demurrer.*—A general charge of negligence resulting in injury and damage is sufficient as against a demurrer.

PRACTICE.—*Motion for New Trial.*—*Erroneous Instructions.*—*How Assigned as Error.*—A motion for a new trial assigning as cause that the court erred in giving or refusing instructions must specify with reasonable certainty the instruction objected to. Where the motion joins all the instructions together, in general terms, without indicating any one or more as erroneous, it can be maintained only by showing that all the instructions are incorrect. *Bartholomew* v. *Langsdale*, 35 Ind. 278, limited.

From the Jefferson Circuit Court.

*H. D. McMullen* and *J. McGregor*, for appellant.
*W. O. Ford* and *C. A. Korbly*, for appellee.

MITCHELL, C. J.—McCartney sued the railroad company to recover damages alleged to have been sustained by him on account of the destruction of certain property by fire, which the company negligently permitted to escape from its locomotive engines. It is averred in the complaint " that on the 7th day of November, 1885, while the defendant was running a locomotive over its tracks, sparks and fire escaped from the locomotive and negligently set fire to grass upon the plaintiff's land, and burned and destroyed," etc.; * * * " that said fire, injury and damage were not in any manner caused by the act, fault or neglect of the plaintiff, but wholly by the neglect and carelessness of the defendant."

It is urged that the demurrer to this complaint should have been sustained, because of the absence of any averment that the fire was permitted to escape through any negligence or fault of the company. The pleading is not aptly worded, but it is nevertheless fairly charged therein, in general terms, that the plaintiff's property was destroyed by fire which escaped from the defendant's locomotive engines, through its neglect and carelessness. As was said, in substance, in *Pittsburgh, etc., R. W. Co.* v. *Jones*, 86 Ind. 496: The averments in the complaint as to the imputed negligence of the appellant were not made in the usual form, nor in the connection in which such averments are most appropriate in cases like this, but the concluding charge that the fire, injury and damage were caused wholly by the neglect and carelessness of the defendant, was sufficient to characterize all that had been done or permitted, as having been negligently done and permitted. *Louisville, etc., R. W. Co.* v. *Hanmann*, 87 Ind. 422.

It is a settled rule that a general charge of negligence, resulting in injury and damage, is sufficient as against a de-

murrer.   *Ohio, etc., R. W. Co.* v. *Walker*, 113 Ind. 196;
*Hammond, etc., Co.* v. *Schwitzer*, 112 Ind. 246.

It was assigned as a cause for a new trial " that the court
erred in giving to the jury instructions numbered from one
to seventeen inclusive." The overruling of the motion for
a new trial is assigned as error here, and under this assignment
some of the instructions are severely assailed.   As will be
seen, the motion for a new trial joins all the instructions to-
gether in general terms, without separating or pointing out
any one or more as erroneous.   Such an assignment, like
a joint demurrer to separate paragraphs of a pleading, can
only be maintained by showing that all the instructions are
incorrect.   It is an established rule that a motion for a new
trial, which assigns as a cause that the court erred in giving
or refusing instructions, must specify with reasonable cer-
tainty the particular instruction upon which error is predi-
cated.   *Sutherlin* v. *State*, 108 Ind. 389; *Grant* v. *Westfall*,
57 Ind. 121; *Rudolph* v. *Landwerlen*, 92 Ind. 34.   A joint
assignment that the court erred in giving all of a series of
instructions, without in some way separating them, does not
specify with reasonable certainty any particular instruction.
It requires the court to examine the whole series.   It brings
the instructions in review as a whole, in a body, and if any
one of them is good the motion must fail.

" It is well settled that, if a series of propositions be em-
bodied in instructions, and the instructions be excepted to in
a mass, if any one of the propositions be correct, the excep-
tion must be overruled." Thompson Trials, section 2397.
Thus, in *Beavor* v. *Taylor*, 93 U. S. 46, it is said that, " If
the entire charge of the court is excepted to, or a series of
propositions contained in it are excepted to in gross, and any
portion thus excepted to is sound, the exception can not be
sustained." *Rogers* v. *Marshall*, 1 Wall. 644; *Harvey* v.
*Tyler*, 2 Wall. 328; *Jones* v. *Osgood*, 2 Seld. 233; *Walsh* v.
*Kelly*, 40 N. Y. 556.   So, in *Lincoln* v. *Claflin*, 7 Wall. 132,
it is held that where a charge to the jury embraces several

distinct propositions, a general exception will not avail the party if any one of the propositions be correct.    *Burton* v. *West Jersey Ferry Co.*, 114 U. S. 474; *Connecticut Mutual Life Ins. Co.* v. *Union Trust Co.*, 112 U. S. 250 (261).

The reason upon which the rule rests is, that the object of a motion for a new trial is to bring to the attention of the court the precise point in respect to which error is supposed to have been committed, with a view that it may be corrected.    The labor of a critical analysis and study of each and every charge, or of the whole charge, in order to detect a possible error, can not be imposed upon the court by an assignment in gross that the court erred in giving all of a number of instructions.    It is not an unreasonable requirement, where the instructions embrace several distinct propositions, that those supposed to be erroneous should be specifically designated and pointed out in a separate assignment.    The conclusion stated in *Bartholomew* v. *Langsdale*, 35 Ind. 278, is too broad.    This decision must be deemed to have been modified by the later cases which hold that the instruction upon which error is predicated must be pointed out with reasonable certainty.

The judgment is affirmed, with costs.

Filed Jan. 9, 1890.