## NORTHERN INDIANA FUEL AND LIGHT COMPANY *v.* ELDRIDGE.

[No. 12,635.   Filed April 7, 1927.]

From DeKalb Circuit Court; *William P. Endicott,* Judge.

Action between the Northern Indiana Fuel and Light Company and Dennis F. Eldridge.   From the judgment rendered, the former appeals.   *Affirmed.*   By the court in banc.

*Edgar W. Atkinson* and *Oak Husselman,* for appellant.
*C. E. McClintock* and *Dan M. Link,* for appellee.

McMAHAN, C. J.—Action by appellee for damages alleged to have been received because of the negligence of appellant in pil-

ing gas pipes in a public street next to and immediately adjacent to the sidewalk in such a manner that they were liable to roll over onto the sidewalk. The complaint after alleging that appellant was negligent in so leaving the pipe next to the sidewalk and in failing to protect or secure them from rolling over onto the sidewalk alleges that appellee while walking along the sidewalk in the nighttime, stepped on a piece of the pipe which had been negligently placed there by appellant and that he was thereby thrown to the sidewalk and severely injured. There was a verdict and judgment for appellee for $500; hence this appeal.

The error assigned is the overruling of appellant's motion for a new trial, the specifications of which are that the verdict is not sustained by sufficient evidence, that it is contrary to law, and the giving and refusing to give certain instructions.

Appellant contends there is no proof of negligence on its part, that an independent human agency intervened between the alleged negligence of appellant and the injury to appellee, and that it was the act of a third person that caused the injury to appellee. In so far as these contentions are concerned the evidence is ample to sustain a finding that appellant was negligent in leaving the pipe in the street in a position where they were liable to roll over onto the sidewalk. No attempt has been made to point out any evidence tending to show the intervention of an intervening agent.

No reversible error is shown in the giving or the refusal to give instructions. See Ohio, etc., R. Co. v. McCartney (1890), 121 Ind. 385, 387, 23 N. E. 258.

Judgment affirmed.

Dausman, J., absent.