WELBORN ET AL. *v.* COON, ADM'R.

DECEDENTS' ESTATES.—*Action by Administrator.—Set-off.—Partnership.*— Where a surviving partner purchases from the administrator of his deceased partner the interest of the latter in the partnership property, as assets of the estate, he can not, in a suit to collect the purchase-money, set off a debt due him from such decedent in his lifetime, even if such set-off grew out of a settlement of partnership matters.

From the Madison Circuit Court.

*H. D. Thompson*, *H. J. Dunbar* and *J. A. New*, for appellants.

*J. W. Sansberry* and *E. B. Goodykoonts*, for appellee.

HOWK, J.—The appellee, as plaintiff, sued the appellants, as defendants, in the court below, to recover the amount due on a promissory note, of which the following is a copy:

"September 5th, 1871. Twelve months after date, we promise to pay to the order of H. Coon, Adm'r of F. F. Rock, deceased, five hundred and fifteen dollars, value received, without any relief from valuation laws, with six per cent. interest from date.

(Signed.)            " J. H. WELBORN.
                     " CLAUDIUS BOCK.
                     " W. J. WELBORN, Security."

The complaint averred the making of said note by the appellants, and that it was due and remained unpaid, and demanded judgment for six hundred dollars, and other proper relief.

To this complaint, the appellants jointly answered, in two paragraphs, as follows:

1. By way of set-off, the appellants said, in substance, that Jesse H. Welborn and Claudius Bock were principals, and William J. Welborn was surety in the note sued on; that on the 24th day of May, 1871, Francis F. Rock, then in life but since deceased, and said Jesse H. Welborn and Claudius Bock, were engaged as partners in the saw-mill business, and on said day the said Francis F. Rock was accidentally killed; that subsequently the appellee was appointed administrator of said decedent's estate, and as such took possession of said decedent's undivided interest in said partnership business, as assets of said estate; that on September 5th, 1871, the appellee, as such administrator, sold said undivided interest in said saw-mill to said Jesse H. Welborn and Claudius Bock, as surviving partners of said partnership, for five hundred and fifteen dollars, the appellants executing the note in suit for said consideration and for none other; and that the said Francis F. Rock at his death was, and his estate and the appellee, as such administrator, then were, indebted to said Jesse H. Welborn and Claudius Bock, as surviving partners, in the sum of five hundred and forty-two dollars and twenty-five cents, setting out the items of such indebtedness; that for this indebtedness said Jesse H. Welborn and Claudius Bock recovered judgment against the appellee, as such administrator, in the court below, on the 3d day of January, 1874, for five hundred and forty-two dollars and twenty-three cents, which was unpaid; and the appellants Jesse H. Welborn and Claudius Bock offered to set off the same against any amount the appellee might recover against them, in this

action, and demanded judgment for one hundred dollars, the residue.

2. The second paragraph of said answer was a general denial.

Appellee demurred to the first paragraph of said answer, for the alleged want of sufficient facts therein to constitute a defence to the action; which demurrer was sustained by the court below, and the appellants excepted to this decision.

Notwithstanding this decision, it appears from the record, that afterward the appellee replied in two paragraphs to the first paragraph of the appellants' answer, as follows:

1. A general denial; and,

2. Former recovery by the appellants Jesse H. Welborn and Claudius Bock, against the estate of said Francis F. Rock, deceased, on the same indebtedness set up in the first paragraph of the answer, on the 3d day of January, 1874, by the judgment of the court below for five hundred and forty-two dollars and twenty-three cents, which said judgment was still in full force, unreversed, and unappealed from; wherefore the appellee said, that appellants should not recover on said first paragraph.

The following alleged errors have been assigned by the appellants, in this court:

1st. That the appellee's complaint did not state facts sufficient to constitute a cause of action; and,

2d. The court below erred, in sustaining the appellee's demurrer to the first paragraph of the appellants' answer.

In their argument of this cause, in this court, the appellants' learned attorneys have failed to discuss the first of these alleged errors, or to point out any objection whatever to the sufficiency of appellee's complaint. There is no apparent objection to the complaint; and where, as in this case, the appellants' counsel fail, in argument, to point out their objections to the complaint, we must re-

gard the alleged error, if any such exists, as thereby impliedly waived. This is the well-established practice of this court. *Breckenridge* v. *McAfee*, 54 Ind. 141; and *Graeter* v. *Williams*, 55 Ind. 461.

It seems very clear to us, that the facts stated in the first paragraph of the appellants' answer were not sufficient to constitute a defence to appellee's action.

In the case of *Dayhuff* v. *Dayhuff's Adm'r*, 27 Ind. 158, it was declared by this court to be " well settled that in a suit by an administrator for a debt due the estate of the decedent, originating, as in this case, after the death of the intestate, the defendant can not set off a debt due him by the intestate before his decease." And the reason assigned for this decision was, that " The principle of mutuality, in such cases, requires that the debts should not only be due to and from the same person, but in the same capacity."

Nor do we think, that the fact, that the indebtedness of appellee's intestate, described in the answer, was due the appellants, as alleged, as surviving partners, can or ought to, in this case, make any difference in the law applicable thereto. It is true, that the appellants, as surviving partners, had the exclusive right to the possession of the partnership property, to sell and dispose of the same, and to settle up the partnership business; but they might, and it seems they did, waive this exclusive right. The appellee, as administrator of the deceased partner's estate, by sufferance of the appellants as we must assume, took possession of, and sold to the appellants, the undivided interest of said decedent in said partnership business; and, upon such sale, the appellants executed to the appellee the note now in suit. Afterward, the appellants filed their claim, and obtained a judgment thereon, in the court below, against said decedent's estate. By these acts of the appellants, it is clear to our minds, that they voluntarily waived any specific

lien, which they might otherwise have had, on the interest of their deceased partner in the partnership property, or the proceeds of such interest, for the payment of their claim against said decedent's estate.

Parsons, in his treatise on the law of Partnership, p. 450, says, on the subject we are now considering: "The surviving partners, if they hold claims or a balance against the deceased partners, are treated like other creditors."

We have already stated the well-settled law, as applicable to creditors generally, in such cases as the one at bar; and we know of no reason why a different rule of law should be applied to this case.

In our opinion, the court below did not err, in sustaining the appellee's demurrer to the first paragraph of the appellants' answer.

The judgment of the court below is affirmed, at the appellants' costs.