## BALSER ET UX. *v.* WOOD.

SET-OFF.—*Requisites of.*— A demand, to be admissible as a set off, must be held by the defendant at the time the suit was commenced.

SAME.—*By Surety who pays Debt of Principal.*— A surety who pays the debt of his principal, after the commencement of an action against him by the principal, can not set off that payment in such aetion.

From the Henry Circuit Court.

*M. E. Forkner*, for appellants.

*J. Brown, J. T. Mellette* and *M. L. Bundy*, for appellee.

NIBLACK, J.—This action was commenced on the 26th day of January, 1877, by Albert Wood, against Samuel Balser and Elizabeth Balser, his wife, and the object of the action was to obtain a judgment against Samuel Balser for an alleged balance of unpaid purchase-money of a tract of land, and to enforce a vendor's lien as against both defendants. At the February term, 1877, of the court below, there was a judgment by default for four hundred and fifty-three dollars, supplemented by an order enforcing a vendor's lien upon the land. At the November term, 1877, the default was set aside, and the defendants were permitted to plead to and defend the action. At the February term, 1878, the defendants answered in three paragraphs:

1.  In general denial;

2.  Payment;

3.  A set-off in favor of Samuel Balser for goods, wares and merchandise sold to, and money paid to the use of, the plaintiff, amounting in all to six hundred dollars. Issue; trial by a jury; verdict for the plaintiff for three hundred dollars, and judgment on the verdict, again supplemented by an order enforcing a vendor's lien upon the land.

On the trial the defendant Samuel Balser offered to prove, in support of his set-off, that, on the 23d day of December, 1876, he signed a note for fifty dollars, payable

ninety days after date to the First National Bank of Newcastle, as surety for the plaintiff, and that, on the 12th day. of January, 1877, he signed another note for one hundred dollars, payable forty-five days after date to the Citizens' Bank of Hagerstown, also as surety for the plaintiff; also that, after the default had been set aside, and before the filing of the answer in this cause, he had been, as such surety, compelled to pay, and had paid, both of said notes, offering at the same time to read the notes, thus claimed to have been paid, in evidence as a part of the proposed proof. The court, however, refused to permit the proposed evidence to be introduced, and whether in so ruling the court decided correctly constitutes the only question for our decision here.

A demand, to be admissible as a set-off, must be held by the defendant at the time the suit was commenced. 2 R. S. 1876, p. 62, sec. 57.

The supposed contingent liability which Balser incurred as surety on the notes offered in evidence did not, we think, constitute a demand held by him at the time of the commencement of the suit, within the meaning of the statute above cited.

Waterman on Set-Off, at page 87, sec. 73, says: " A demand in the defendant's favor, accruing subsequent to the commencement of the suit from a liability incurred before, is not a legal set-off.

" Therefore in an action on a note the defendant can not set off a liability incurred before the commencement of the action against which the plaintiff was bound to indemnify him, unless the defendant paid the demand previous to the bringing of the action.

" So, likewise, a surety who pays the debt of his principal, after the commencement of an action against him by the principal, can not set off that payment in such action."

The rule thus laid down by Waterman is well supported

by authority, and is in harmony with our statute concern-ing set-offs, referred to as above. *Claflin* v. *Dawson*, 58 Ind. 408; *Convery* v. *Langdon*, 66 Ind. 311. These authorities are decisive of the question submitted to us, against the ap-pellants.

The judgment is affirmed, with costs.