Donaldson v. Dunn.

---

No. 9329.

## DONALDSON v. DUNN.

PLEADING.—*Practice.*—Where there is a good answer, a motion by·the plaintiff for judgment on the pleadings, or *non obstante veredicto*, should be overruled.

REAL ESTATE, ACTION TO RECOVER.—*Pleading.*—*Landlord and Tenant.*— *Contract.*—*Vendor and Vendee.*—Complaint for the possession of real estate in two paragraphs: 1. In the ordinary short form. 2. Setting forth specially the facts showing the plaintiff's title in fee, that the defendant was tenant under a lease for 10 years from the plaintiff's grantor; that his term had expired and possession had been demanded and refused. Answer that the defendant was put in possession under a con- tract of purchase with the plaintiff's grantor on ten years' credit; that he had paid the price and performed all conditions, and that the plain- tiff purchased with notice.
*Held,* that the answer was good.

BILL OF EXCEPTIONS.—*Time of Filing.*—*Practice.*—*Short-Hand Reporter.*—A motion for a new trial was made but not disposed of until the next term, when it was overruled and time given for bills of exception, three of which were filed within the time allowed. Two of them related to rul- ings during the trial, and the third embraced merely the short-hand re- porter's report of the evidence, and was not signed by the judge.
*Held,* that the first and second were too late, and the third was not suffi- cient to bring the evidence into the record.

From the Miami Circuit Court.

*J. L. Farrar, H. J. Shirk, J. Mitchell, L. L. Norton* and *A. Holladay*, for appellant.

*R. P. Effinger* and *M. Winfield*, for appellee.

FRANKLIN, C.—Appellant brought this action against appellee to recover the possession of eighty acres of land. The complaint consists of two paragraphs. The first is in the usual statutory form. The second states the facts upon which the plaintiff claims title. The defendant answered by alleging a purchase under which he claimed title. He also filed a cross complaint, averring title in himself, and asking to have the same quieted.

The plaintiff moved for judgment on the pleadings for the want of a sufficient answer, which was overruled. He then demurred to the answer, which was also overruled. He then pleaded in denial to both the answer and cross complaint. There was a trial by jury; verdict for the defendant. A motion for a new trial was overruled, and a motion for judgment for the plaintiff, *non obstante veredicto*, was also overruled, and judgment was rendered for the defendant, on his cross complaint, quieting his title.

The errors assigned are: 1st. Overruling motion for judgment on the pleadings. 2d. Overruling the demurrer to the answer. 3d. Overruling the motion for a new trial. 4th. Overruling the motion for judgment *non obstante veredicto*. We think the answer was sufficient, and there was no error in overruling the motion for a judgment in favor of the plaintiff on the pleadings.

The second paragraph of the complaint alleged that plaintiff acquired his title, by one Alexander Donaldson, on the 2d day of February, 1865, having purchased said land at a sheriff's sale on an execution issued upon a judgment in favor of said Alexander Donaldson, and against said appellee; that he received a deed for the same February 20th, 1866; that at the April term, 1867, of the Miami Circuit Court, in a suit by the said Alexander Donaldson against appellee, said Don-

aldson's title thereto was quieted; that in April, 1867, said Donaldson leased said land to appellee for ten years, and that said appellee was to deliver the possession of said land to said Donaldson on the 20th day of April, 1877; that on July 13th, 1878, said Alexander Donaldson, for a good and valuable consideration, conveyed said land to said plaintiff, Allen Donaldson, and that before the commencement of this suit possession was demanded.

The defendant answered substantially as follows: Admits the quieting of the title in Alexander Donaldson, and the conveyance of the land by Alexander Donaldson to appellant on the — day of June, 1878; and that said deed of conveyance conveyed all the title that was then in Alexander Donaldson; and that appellee was in possession of the land on the 26th day of December, 1878, the day upon which this suit was commenced, claiming title thereto adverse to the claim of the plaintiff. But he avers that the plaintiff, by his said deed (and he claims title in no other way), acquired no title to said premises, for the reasons, that in April, 1867, and immediately after the rendition of the decree (quieting title) aforesaid, " he made and entered into a contract for the purchase of the said land, at the agreed price of $1,600, and certain costs and expenses, to be paid in ten years; this defendant to pay and discharge all taxes and other assessments against said lands, and to have the immediate possession of said lands; and upon full compliance with the terms of said contract, the said Alexander Donaldson was to execute a good and sufficient deed to him for the same; that said contract has been lost, so that this defendant is unable to set out a copy of the same, but that the above contains the substantial parts of said contract; that the said Alexander Donaldson put this defendant in the immediate possession of said lands. This defendant avers that he has fully complied with the terms of said contract; has fully paid all the purchase-money within the time prescribed by said contract; has paid and discharged all liens and taxes; that he has been in the continuous, unin-

terrupted and adverse possession of said lands, claiming the same as his own, since 1867; has made valuable and lasting improvements thereon; all of which the plaintiff knew when he purchased said lands of said Alexander, and received the aforesaid deed." Wherefore, etc.

It is insisted by appellant's counsel that this answer does not answer all the material allegations of the second paragraph of the complaint; that it fails to admit or deny that the lands had been leased to appellee. This averment in the complaint was not material to the establishment of the plaintiff's title; it might have become material in answer or estoppel of defendant's claim, but constituted no necessary part of plaintiff's complaint.

From the pleadings, it is very evident that what the plaintiff, in his complaint, calls a lease, the defendant, in his answer, calls a purchase; and if the answer is somewhat indefinite and uncertain as to identifying his purchase with the charge of its being a lease, the objection is not remedied by a demurrer, but by a motion to make the pleading more specific. It is further objected that the answer does not aver that the contract of purchase was made with appellant's grantor. The answer shows that the contract was made; that Alexander Donaldson put appellee in full possession of the premises; and at the end of the ten years, upon appellee's complying with his part of the contract, appellant's grantor was to make him a sufficient warranty deed for the same. We think these averments sufficiently show that the contract was made with Alexander Donaldson, or some person authorized to contract for him, and as to whether the contract amounted to a lease or a sale could be determined from the evidence on the trial. But it is tacitly admitted that the answer is good as to the first paragraph of the complaint; and appellee's counsel insist that if it was even bad as to the second paragraph of the complaint, that paragraph is also bad, and that a bad answer is good enough for a bad complaint. This would be true if the answer had been limited to the second paragraph of the com-

plaint, but it is to the whole complaint, and as the first paragraph of the complaint is good, the answer, in order to be good, must be good as to the whole complaint. A demurrer to a bad answer to the whole complaint can not reach back to only a part of the complaint. But we think the answer was sufficient to withstand a demurrer. It might have been made more specific upon a motion for that purpose. There was no error in overruling the demurrer to the answer.

The motion for a new trial contains various reasons: for instructions given, others asked and refused; for evidence admitted, and other evidence refused; and for the insufficiency of the evidence. The case was tried, verdict rendered and motion for a new trial made, at the March term of the court, 1880; but no bills of exceptions were filed at that term of the court, and no time was then given for the filing of bills of exceptions afterwards. The motion for a new trial was continued by agreement until the next term of the court. At the May term, 1880, the motion for a new trial was overruled and the motion for judgment *non obstante veredicto* was then made; and ninety days were then given in which to file bills of exceptions, in which time appellant filed three bills of exceptions: one in relation to the instructions, one in relation to the admission and refusal to admit other evidence, and one in relation to the sufficiency of the evidence given. The first two were not filed in time. In order to be available they ought to have been filed at the term of the trial, or time then given in which to file them. The last one, embracing the evidence given, is not signed by the judge. The clerk appears to have merely put in the transcript the report of the evidence by the short-hand reporter. This can not be regarded as a bill of exceptions, or as properly constituting any part of the record. These rules have recently been so well established that it is unnecessary to cite authorities in support thereof.

As to the fourth specification of errors, the question as to the right of the plaintiff to a judgment, notwithstanding the

verdict, has been disposed of by the motion for a judgment in favor of the plaintiff on the pleadings, and need not be further considered. We find no available error in this record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.