No. 10,364.

GREGORY *v.* GREGORY, ADMINISTRATOR.

SET-OFF.—*Demurrer.*—Where a demurrer is filed to two or more paragraphs of answer, by way of set-off, jointly, and not to each separately, the demurrer must be overruled if either paragraph state facts sufficient to constitute a good set-off.

SAME.—An answer by way of set-off, which does not show that the defendant held the claim which he offers to set off, at the time the suit was commenced, is bad on demurrer for the want of sufficient facts.

SAME.—*Principal and Surety.*—An answer by way of set-off, by one of two or more defendants, is bad on demurrer for the want of facts, if it fail to show by proper averments, that the defendant pleading the set-off is principal, and his co-defendants are sureties, in the plaintiff's cause of action.

From the Blackford Circuit Court.

*W. H. Carroll* and *E. Pierce,* for appellant.

*J. Cantwell* and *S. W. Cantwell,* for appellee.

HOWK, J.—This was a suit by the appellee, as the administrator *de bonis non* of the estate of Martha R. Gregory, deceased, to foreclose a certain mortgage on real estate in Blackford county, and to collect the debt evidenced by note secured by such mortgage. The note and mortgage were executed by the appellant to the former administrator of the decedent, and before the payment of the note that administrator died, and the appellee was appointed administrator *de bonis non.* Appellant answered in two special or affirmative paragraphs, to which the appellee's demurrer, for the alleged want of facts, was sustained by the court. The appellant excepted to the ruling, and, declining to amend or plead further, judgment was rendered for appellee as prayed for in his complaint.

Errors are assigned here which call in question the ruling of the court on the demurrer to the first and second paragraphs of appellant's answer.

In the first paragraph the appellant alleged, in substance, admitting the execution of the note, that it was given for the unpaid balance of the purchase-money of the real estate de-

scribed in the mortgage; that the real estate was sold to appellant by the former administrator of the decedent's estate, clear of all encumbrances; that one Charity Gregory was the owner of a mortgage on such real estate to secure a promissory note, executed by the decedent, for $330, which the former administrator, before such sale, agreed with appellant he would pay off out of the proceeds of such sale; that since the execution of the note in suit, to remove the encumbrance so held by Charity Gregory upon the real estate aforesaid, the appellant paid off the note so held by her in the sum of $186, which sum he asked the court to set off against an equal amount of the sum found due on the note in suit.

In the second paragraph of his answer the appellant averred that the estate of Martha R. Gregory, deceased, was indebted to him in the sum of $210.87, on claim filed against the estate of the decedent, and allowed by the appellee, as administrator; that $————, the amount of such claim, were unpaid and due the appellant; that the estate of the decedent was solvent, exclusive of the note in suit, and there would be a distribution of the surplus of the estate to the heirs of the decedent. Wherefore the appellant asked that his claim be set off against the amount found due on the note in suit, and for other proper relief.

Appellee's demurrer was to the first and second paragraphs of the answer, and not to each of them separately. If, therefore, either of the paragraphs stated facts sufficient to constitute a good set-off, the appellee's demurrer ought to have been overruled. *Romine* v. *Romine*, 59 Ind. 346; *Bayless* v. *Glenn*, 72 Ind. 5.

We are of opinion, however, that the court did not err in sustaining the demurrer to both paragraphs of answer. In section 348, R. S. 1881, in force at the time, it is provided that a set-off, among other things, must "be held by the defendant at the time the suit was commenced." It was not alleged in either paragraph of appellant's answer, that he held the claim against the estate of the appellee's intestate stated

therein, which he asked to set off against the note in suit, before or at the time the suit was commenced. For the want of such an allegation, it is clear that the demurrer was correctly sustained to both paragraphs of the answer. Waterman Set-Off, 87, section 73; *Balser* v. *Wood,* 69 Ind. 122.

The note in suit was executed by the appellant and another person, both of whom were sued and personally served with process in this action. It was not alleged in either paragraph of the answer, that the appellant was principal and the other person was surety in the note sued upon. In an action upon a promissory note against two or more defendants, a claim in favor of one of the defendants can not be pleaded by him as a set-off, unless he allege that he is principal in the note, and that his co-defendants are sureties therein. Section 349, R. S. 1881; *Knour* v. *Dick,* 14 Ind. 20; *Dodge* v. *Dunham,* 41 Ind. 186; *Harris* v. *Rivers,* 53 Ind. 216; *Welborn* v. *Coon,* 57 Ind. 270.

We have found no error in the record of this cause.

The judgment is affirmed, with costs.

Opinion filed at the November term, 1882.

Petition for a rehearing overruled at the May term, 1883.