No. 9425.

## MULLANY ET AL. *v.* FIRST NATIONAL BANK OF INDIANAPOLIS.

BILL OF EXCEPTIONS.—*Practice.*—Prior to the act of 1881, R. S. 1881, section 626, a ruling made during the trial could not be brought into the record for review in the Supreme Court by a bill of exceptions filed on time granted, at a subsequent term, at which a motion for a new trial was overruled.

From the Superior Court of Marion County.

*J. R. Parmelee, L. L. Norton* and *A. Holladay,* for appellants.
*T. S. Rollins* and *G. W. Stubbs,* for appellee.

BICKNELL, C. C.—This was an action by the appellee against the appellants upon a promissory note not payable at a bank in Indiana, alleged to have been made by the appellants Mullany & Hayes, payable to the order of the appellant Dennis J. Mullany, and by him assigned to one Catherwood, who assigned it to the appellee before its maturity.

The appellants Mullany & Hayes answered that the appellee was not the real owner of the note; that it was never assigned by Dennis J. Mullany, and that at the commencement of the suit he was the lawful owner of the note. This answer was duly verified.

The appellant Dennis J. Mullany answered under oath denying the assignment of the note by him. He also filed a cross complaint demanding the possession of the note.

The issues joined upon the complaint and cross complaint and the answers thereto were tried by the court who found that Mullany & Hayes were indebted to the plaintiff in the amount of the note and interest, and that Dennis J. Mullany had no right to the note.

Judgment was rendered upon the finding. Mullany & Hayes moved jointly for a new trial, alleging that the finding was not sustained by sufficient evidence, was contrary to the evidence, and contrary to law.

Mullany *et al. v.* First National Bank of Indianapolis.

Dennis J. Mullany moved separately for a new trial, alleging the same reasons, and also error of the court in admitting evidence, but the objection to the evidence could not be considered, because it was not saved by a proper bill of exceptions taken at the time of the trial, at the May term, 1880. The court, on overruling the motions for a new trial at the June term, 1880, granted time to file a bill of exceptions, and within ·that time a bill of exceptions was filed, which brings up the evidence, but not exceptions to rulings made at a previous term. *Backus* v. *Gallentine,* 76 Ind. 367; *Pitzer* v. *Indianapolis, etc., R. W. Co.,* 80 Ind. 569. The motions for a new trial were overruled, and all the defendants appealed from the judgment to the superior court in general term, where they jointly assigned errors as follows:

1. Error in overruling the motions for a new trial.

2. That the complaint does not contain facts sufficient, etc.

The court in general term affirmed the judgment of the court in special term, and the defendants appealed to this court.

Here they assign as error the affirmance of the judgment of the court in special term. The only matters urged by the appellants now are, that the finding was not sustained by sufficient evidence, and is contrary to law. As there was evidence tending to sustain the finding, this court can not disturb it. *Walker* v. *Beggs,* 82 Ind. 45.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the superior court in general term be, and the same is hereby, in all things affirmed, at the costs of the appellants.

Opinion filed at the November term, 1882.

Petition for a rehearing overruled at the May term, 1883.