No. 9764.

MULLANEY ET AL. *v.* INDIANA NATIONAL BANK OF INDIANAPOLIS ET AL.

PRACTICE.—*Bill of Exceptions.*—Under the code of 1852, where a motion for a new trial was overruled at a term subsequent to that of the trial, and time was then given for a bill of exceptions, questions as to the admissibility of evidence made at the trial could not be saved by the bill.

SAME.—*Evidence.*—As to what evidence will be sufficient to support a verdict in the Supreme Court, see opinion.

From the Superior Court of Marion County.

*T. A. Hendricks, A. W. Hendricks, C. Baker, O. B. Hord, L. L. Norton, J. R. Parmelee* and *A. Holladay,* for appellants.
*T. S. Rollins* and *G. W. Stubbs,* for appellees.

FRANKLIN, C.—Appellee sued appellants with Thomas F. Ryan, Charles H. Talbott, Ellen Catherwood, Adm'x, Dennis Mullaney, Patrick J. Mullaney and Thomas Hays, on two promissory notes. Plaintiff dismissed the case as to Ellen Catherwood, Adm'x, and Dennis Mullaney. Upon issues formed there was a trial by the court as to the other defendants. There was a finding for the plaintiff against appellants Patrick J. Mullaney and Thomas Hays, and for the defendants Thomas F. Ryan and Charles H. Talbott, on account of their discharge in bankruptcy. Appellants moved for a new

trial, which was overruled, and judgment rendered upon the finding.

Appellants appealed to the general term of the superior court, and assigned therein the following errors:

1st. The court in special term erred in overruling appellants' motion for a new trial.

2d. The complaint does not state facts sufficient to constitute a cause of action.

The court in general term affirmed the judgment at special term.

Appellants in this court have assigned the following error: "The court in general term erred in affirming the judgment of the court in special term."

No question appears to have been presented and discussed in the general term of the superior court, nor is there any presented or discussed in this court, as to the sufficiency of the complaint to constitute a good cause of action. Hence the second specification of errors filed in the general term of the superior court must be considered as waived. The overruling of the motion for a new trial is the only question to be considered.

The trial of the cause was had at the May term, 1880. Appellants then filed their motion for a new trial, which was held under advisement until the June term, 1880, when the same was overruled by the court, and time then given in which to file a bill of exceptions, which bill was filed within the time allowed.

The motion for a new trial contains eleven reasons, all of which, except the first three, are in relation to the admission, rejection and striking out of evidence. No bills of exceptions were filed at the term of the trial, embracing such rulings, and no time was given at such term to file bills of exceptions afterwards. This court has recently repeatedly held that where a motion for a new trial has been overruled at a subsequent term from that of the trial, a bill of exceptions filed within the time then given does not bring forward the exceptions to the rulings upon the admission, rejection or strik-

ing out of evidence; that it only brings forward in the record evidence given upon the trial. It is otherwise, however, under the Revised Statutes of 1881, section 626. But as the law stood at the times of trial, and the overruling of the motion for a new trial in this cause, no question is properly presented to this court upon these reasons for a new trial, and the counsel for appellants in their brief have not insisted upon them.

This leaves the first three reasons to be considered, and they are as follows: There was not sufficient evidence to support the finding of the court; the finding was contrary to the evidence and contrary to law. These reasons may all be considered together as one.

The notes sued on purported to be endorsed by appellants in their firm name, Mullaney & Hays. The defence pleaded by them was *non est factum.* Upon a trial on that issue the question presented is as to the sufficiency of the evidence.

It is conceded that the notes were not endorsed by either member of the firm of Mullaney & Hays, or with their knowledge. Their firm name was so used by one Dennis Mullaney, at the request of Ryan, the maker.

The appellants' counsel, in their able brief, earnestly argue that the proof fails to establish the *agency* of Dennis for any purpose, and that the endorsements were forgeries, and incapable of ratification. But, if subject to a ratification, the proof fails to establish that fact.

It is to be borne in mind that, in considering the points made by the appellants' counsel, it is not with the weight of the evidence, or the credibility of the several witnesses that we have to do, but with the enquiry, was there evidence before the trial court tending to prove either an original agency, or a ratification of an assumed one; and if there is evidence tending to prove either of said facts, the judgment must stand.

Upon an examination of the evidence as contained in the bill of exceptions, we give the following condensed synopsis thereof (which, we think, is substantially correct), from the

opinion of the court in general term: That the appellants Mullaney & Hays, Ryan, the maker of the notes, and said Dennis Mullaney, had long been intimate business associates, and for a time partners; that Mullaney & Hays were under personal obligations to Ryan; that the latter was uncle of the two Mullaneys, who were brothers; that all resided in the same city, and the two Mullaneys in the same house; that said Dennis had been a partner in the firm of Mullaney, Hays & Co., which had preceded the one involved here; that after withdrawing he made the old place of business his general place of resort, and that he was employed there by the firm at the time the notes were endorsed, although on indefinite terms; that he was accustomed to collect outside the place of business from the firm's customers, and, on reporting the collections, have himself charged on the books, with the assent of the partners, with a part of the sum so received and not paid over; that he used its name in other ways, such as receipting for express matter; that during all this time he held an uncertain and unsettled claim against the firm, growing out of the old partnership transactions, and that both the members of the firm knew of his custom to so use the firm name and render services of divers kinds to them, and acquiesced in and approved thereof. While this state of affairs existed, and said Dennis was at the firm's place of business, and during the absence of both partners from the city, Ryan, the maker of the notes, drove up in a buggy and called Dennis out and told him to endorse the notes in the firm name; that he at once complied, being informed and believing that it was all right, as Ryan told him. The notes were used by Ryan in his own indebtedness to the plaintiff, or were discounted by it. Both Mullaney and Hays, on returning to the city, were informed of the endorsements, and talked of it with Ryan and Dennis. They took no positive steps to disaffirm the endorsements, nor did they, by speech, disaffirm said endorsements until about the time the notes matured, or for several months after the endorsements were

Mullaney *et al. v.* Indiana National Bank of Indianapolis *et al.*

made known to them.   When Dennis informed Hays of the endorsements, Hays remarked that Dennis had done wrong, but Ryan might straighten the matter; that within ninety days after the endorsement of the notes all these parties, the two partners, Ryan and Dennis, were engaged in and consummated a settlement of the old partnership affairs, and the said new firm made its note for $1,000 to Dennis for a balance which was owing either to him or Ryan, and which settlement was with the concurrence of both members of the firm.   There was evidence clearly tending to prove all the foregoing facts, and if they do not establish an agency in the beginning, they clearly tend to prove a subsequent ratification by the appellants.

We do not think that the evidence establishes a forgery in the endorsements, and that it is unnecessary in this case to examine and decide whether a forgery is susceptible of ratification.

The trial court had all the witnesses before it, except Ryan, whose deposition was read, and from their appearance and manner of testifying, could better judge of the weight that should be given to their evidence.   Hence the well established rule, that if there is any evidence tending to support the finding of the court, this court will not disturb it upon the weight of the evidence.   And under this rule, we can not say, in this case, that the finding of the court is not sustained by the evidence, nor that it is contrary to the evidence, nor that it is contrary to law.

There was no error in overruling the motion for a new trial, and no error in the superior court in general term affirming the judgment of the court in special term.

The judgment of the court in general term ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the superior court in general term be and it is in all things affirmed, with costs.

Filed March 16, 1883.  Petition for a rehearing overruled October 17, 1883.