Filed May 15, 1884.

---

No. 10,953.

### Hudson et al. *v.* Wells.

From the Jackson Circuit Court.

*A. P. Charles, F. Emmerson* and *B. H. Burrell,* for appellants.

*W. K. Marshall, R. Applewhite* and *M. H. Owen,* for appellee.

Bicknell, C. C.—Hudson & Cummings brought this suit against Wells to quiet their title to land, and to procure satisfaction of a mortgage thereon, held by Wells.

The complaint stated that John Fish mortgaged the land to Wells, and then conveyed it to Browning, who paid the mortgage debt and conveyed the land to the plaintiffs, and that Wells claims that the mortgage is still a lien and threatens to enforce it. Wherefore, etc.

Wells answered by a general denial, and filed a cross complaint, making Fish, the mortgagor, a defendant, and praying for a personal judgment against Fish for the mortgage debt and for foreclosure as to all the parties.

Hudson *et al. v.* Wells.

Fish appeared, and he and the plaintiffs filed a joint answer to the cross complaint in five paragraphs, to which Wells replied in denial.   No question arises on the pleadings.

The cause was tried by the court, who found for the defendant on the complaint and on the cross complaint, and rendered judgment against Fish for the amount of the mortgage debt, and against the plaintiffs and Fish for foreclosure.

Hudson & Cummings moved for a new trial as to the complaint, and they and Fish jointly moved for a new trial as to the cross complaint.

These motions were overruled, and the plaintiffs and Fish appealed.

The only errors assigned are that the court erred in overruling the motions for a new trial.   The only reasons for a new trial are, that the findings and judgments are not sustained by sufficient evidence, and are contrary to the law and the evidence.

The controlling question is, was Wells indebted to Browning?   The appellants claim that if Wells was indebted to Browning, the amount of that indebtedness ought to be offset against the mortgage debt, and they claim that the evidence shows that Wells was so indebted, and that by agreement of the parties, such indebtedness was to be credited on the mortgage debt as a full payment of it.   The appellants say in their brief: "The preponderance of the evidence is clear, that at the time above stated, there was due from Dr. Wells to Browning a balance of over $600," and again they say, " We think that the preponderance of the evidence shows that * * * Dr. Wells and Browning met and had a conversation together, in which it was mutually agreed between them that the amount of the mortgage should be credited upon the indebtedness of Wells to Browning." But the findings show that the court below came to a different opinion.

Where the evidence is conflicting, this court can not disturb the finding on the weight of the evidence.   *Harring* v. *Nowlin,* 90 Ind. 601; *Baldwin* v. *Fleming,* 90 Ind. 177.

The judgment therefore must be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellants.

Filed May 14, 1884.