No. 11,205.

## LYNN ET AL. *v.* CRIM.

PLEADING.—*Set-Off.*—*Principal and Surety.*—*Demurrer.*—To an action on a joint promissory note, an answer by way of set-off, by one of two or more defendants, must allege that he is principal, and his co-defendants are his sureties, in the plaintiff's cause of action; otherwise the answer is insufficient on demurrer.

SAME.—*Each Paragraph Sufficient.*—Each paragraph of answer must state facts sufficient to constitute a defence to the action, and the omission of necessary facts, in one paragraph, can not be cured or supplied by reference to the allegations of another paragraph.

PRACTICE.—*Reversal of Judgment.*—*Harmless Error.*—A judgment will not be reversed for an error in sustaining a demurrer to a paragraph of answer, when it appears that all competent evidence, under such paragraph, was admissible under another paragraph remaining in the record. Such an error is harmless.

From the Lawrence Circuit Court.

*G. W. Friedley, E. D. Pearson* and —— *Edwards,* for appellants.

*M. F. Dunn* and *G. G. Dunn,* for appellee.

HOWK, J.—This was a suit by the appellee upon a promissory note, executed by the appellants Lynn and Moore, to the order of one James C. Lynn, and by him endorsed to the appellee. It was alleged in the complaint that the note was due and unpaid, and judgment was demanded for the amount due thereon. The cause was put at issue and tried by the court, and a finding was made for the appellee, and judgment was rendered accordingly.

Errors are assigned here which call in question the decisions of the circuit court in sustaining appellee's demurrers to the sixth, seventh and eighth paragraphs of the separate answer of the appellant Moore, and in overruling the appellants' motions for a new trial and in arrest of judgment.

The evidence is not in the record, and, in their brief of this cause, the appellants' counsel have not even alluded to the alleged errors of the court in overruling their motions for

a new trial and in arrest of judgment. These supposed errors must, therefore, be regarded as waived. *Irwin* v. *Lowe,* 89 Ind. 540.

The rulings of the trial court upon the sixth, seventh and eighth paragraphs of answer, therefore, are the only errors complained of in argument by the appellants' counsel. The appellants jointly answered in four paragraphs, in substance, as follows: 1. A general denial; 2. Payment in full; 3. Want of consideration; and, 4. That appellee was not, but James C. Lynn, the payee of the note in suit, was the real party in interest and the owner of such note.

The appellant Moore separately answered in five paragraphs. In paragraph $4\frac{1}{2}$ Moore admitted the execution of the note in suit, but said that it was executed, as to him, without any consideration. In paragraph 5, the appellant Moore, admitting the execution of the note sued on, averred that he was the principal and his co-defendant was his surety in such note, and that, prior to the assignment of the note to the appellee, the payee of such note was indebted to him, Moore, in the sum of $200 on a certain judgment, etc., which judgment he offered to set off against an equal amount of the note in suit; and as to the residue of such note, he said that it was without any consideration whatever. Issue was joined upon each of the foregoing paragraphs of answer, except the one numbered $4\frac{1}{2}$, to which the appellee neither demurred nor replied so far as the record shows.

With this statement of the issues in the cause, we come to the consideration of the sixth, seventh and eighth paragraphs of Moore's separate answer, to each of which he claims that appellee's demurrers were erroneously sustained.

In the sixth paragraph of his separate answer, the appellant Moore admitted the execution of the note in suit, but he averred that such note was executed pursuant to a contemporaneous parol agreement between him and his co-appellant John S. Lynn, for the purchase of a tract of land of Moore; whereby his co-appellant undertook to convert the timber-

trees on such land into saw-logs and lumber, and after realizing therefrom to pay the proceeds to said Moore to the amount of $3,000, in payment for the land, and all over that sum to the amount of $500 to pay to James Lynn, the payee of the note in suit; that it was further agreed that if the appellant Moore would sign the note for $500 with his co-defendant John S. Lynn, the payee of such note, James Lynn, would credit thereon the amount of a certain judgment then held by one Mary E. Moore, the mother of appellant Moore, against such payee, theretofore rendered by a certain justice of the peace of Marion township, in such county, for the sum of $156.50 and costs; that upon such representations and agreement so entered into, and on no other consideration whatever, he was induced to sign the note for $500; that thereafter there was paid on such note the sum of $100, by his said co-defendant, when it was renewed by the giving of the note in suit for $400 on the old consideration and the aforesaid representations; and that the payee of the note, James Lynn, had knowledge of and was a party to the aforesaid representations and agreement, by and between the appellant Moore and his said co-defendant. And appellant Moore averred that the payee, Lynn, had failed to credit said judgment on said note, or to pay the same, and had assigned the note to the appellee, who had knowledge of the facts, and that he, Moore, had purchased such judgment, before the assignment of the note to appellee, and offered to set off such judgment against a like amount of the note in suit.

There was no available error, we think, in the decision of the court sustaining appellee's demurrer to this sixth paragraph of answer. Every material fact, alleged in this paragraph, could have been given in evidence under the fifth paragraph of answer, in which the appellant Moore, as we have seen, set up the same judgment against the payee of the note by way of set-off, and upon which issue was joined by a reply in denial. If, therefore, the court had clearly erred in sustaining the demurrer to the sixth paragraph of answer,

the error would have been harmless, for it is well settled that a judgment will not be reversed for an error in sustaining a demurrer to a paragraph of answer, if all competent evidence under such paragraph were admissible under another paragraph, remaining in the record.   *Wolf* v. *Schofield,* 38 Ind. 175; *Strough* v. *Gear,* 48 Ind. 100; *Marks* v. *Trustees, etc.,* 56 Ind. 288.

But the sixth paragraph of answer was bad, and the demurrer thereto was correctly sustained.   The note in suit was the joint and several note of the appellant Moore and his co-defendant John S. Lynn, and there is nothing in the note, or in the complaint thereon, to indicate that the appellant Moore was the principal and his co-defendant the surety in such note. It was not alleged in the sixth paragraph of answer that the appellant Moore was principal and his co-defendant surety in the note sued upon.   In an action upon a promissory note against two or more defendants as the makers thereof, a claim in favor of one of them can not be pleaded by him as a set-off, unless he allege that he is principal in the note, and that his co-defendants are sureties therein.   Section 349, R. S. 1881; *Harris* v. *Rivers,* 53 Ind. 216; *Welborn* v. *Coon,* 57 Ind. 270; *Gregory* v. *Gregory,* 89 Ind. 345.

It is true that in the fifth paragraph of his answer the appellant Moore did allege that he was principal and his co-defendant surety in the note in suit, but the averment of such fact, in that paragraph, will not aid the sixth paragraph of answer, for it is a settled rule of pleading, under the code, that the defective allegations of one paragraph can not be aided or cured by reference to the allegations of another paragraph.   *McCarnan* v. *Cochran,* 57 Ind. 166; *Smith* v. *Little,* 67 Ind. 549; *Entsminger* v. *Jackson,* 73 Ind. 144.

In the seventh paragraph of his answer the appellant Moore admitted the execution of the note in suit, but he alleged that, at and before the execution of such note, he owned a tract of timbered land in Lawrence county; that he entered into an agreement with his co-defendant and the payee of

said note, whereby they agreed that his co-defendant John S. Lynn would cut and sell the timber on said land, and would pay of the proceeds of such timber to said Moore the sum of $3,000, and $500 dollars in addition thereto, and, in consideration of such payments, the said Moore agreed to convey said land to his co-defendant, and to join him in the execution of a note for $500 to James Lynn, the payee of the note in suit; that such agreement was so entered into, and said note so executed to the payee thereof; that his co-defendant proceeded to cut the timber on said land, but the same did not amount to one-third part of what his co-defendant and the payee of the note supposed and represented it would, and his co-defendant failed to consummate said agreement and abandoned the same; that the payee of the note was paid $100 thereon, and the same was renewed by a new note for $400, being the note now in suit, which renewal was given under all the circumstances and same considerations as the first note.

And the defendant Martin averred that the sole consideration of said note was the agreement of his co-defendant and the payee of the note to pay him as aforesaid the said amounts above set forth; that prior to entering into such agreement with them they represented to him that said timber was sufficient to pay him all the land had cost him, which they knew to be about $3,000, and the said further sum of $500; that appellant Moore relied upon their judgment and representations thereof, and had no other means of knowing as to the matter; that said contract was made for and on behalf of his co-defendant to the extent of said land, and for the benefit of the payee of the note to the extent of the $500 for which the note was given, and that there was no other consideration moving to either of the defendants from said payee; that his co-defendant was to convert said timber and pay over the proceeds to him, Moore, as aforesaid, in a reasonable time; that his co-defendant did cut the most of said timber, but the total value thereof, cut and yet standing, did not exceed

$1,000; that both his co-defendant and the payee of the note were insolvent and without means, and had abandoned said contract, and that he, Moore, had paid his co-defendant for cutting said timber. Wherefore appellant Moore said that the consideration of the note had wholly failed.

In the eighth paragraph of his answer the appellant Moore, admitting the execution of the note, alleged that prior to its execution his co-defendant undertook to purchase of him a certain tract of land, and had agreed with him that he would cut and sell the timber from such land, and, of the proceeds, would pay the said Moore $3,000, being what the land cost him, and if the proceeds amounted to more than that sum, he desired the surplus to the extent of $500 to go to his uncle, James Lynn, whom he wished to aid, as he was getting old and was without means; that the said Moore entered into said agreement with his co-defendant, and with him executed and delivered to said James Lynn their note for $500; that his co-defendant John S. Lynn proceeded to cut and sell said timber, and paid over to appellant Moore about $900 on said arrangement; that the sum of $100 was paid on said note to its payee, James Lynn, and a renewal note was given for the balance of $400, under the same circumstances and considerations as the first note, and is the note now in suit; that the said sum of $900 was all that his co-defendant had ever realized or paid him, Moore, on said agreement, and the timber failed to bring any more; and that his co-defendant John S. Lynn had abandoned said contract and was insolvent. Wherefore the appellant Moore said that the consideration of the note had failed.

The note in suit is not payable in a bank in this State, and is not negotiable as an inland bill of exchange. When the note was assigned to the appellee Crim, he took the same subject to all existing equities and defences between the makers and the payee thereof. It would seem to be clear, therefore, that the appellant might properly plead any defence in this case which he might have interposed if the suit had been

brought by the payee of the note. It will be seen from our summary of the seventh and eighth paragraphs of the separate answer of the appellant Moore, that, in each of them, he has pleaded the matters therein stated for the purpose of showing that the consideration of the note in suit had wholly failed. We are of opinion, however, that the facts pleaded by the appellant Moore in each of said paragraphs of answer show rather that the note was given without any consideration whatever therefor. If the timber from the land, in excess of the value of $3,000, was the only consideration of the note, and if all the timber from the land did not prove to be worth the one-third of the $3,000, which was to be first paid therefrom, then, it is clear, we think, that there never was any consideration for the note, and it is a mistake to say that such consideration had failed.

This being so, as it certainly was, the error of the court, if such it were, in sustaining the appellee's demurrers to the seventh and eighth paragraphs of answer, was, at most, a harmless error; for each and all of the material facts stated in such paragraphs of answer were admissible in evidence under paragraph 4½ of the separate answer of the appellant Moore, which paragraph, as we have seen, was a general answer that the note in suit, as to him, was executed without any consideration. In such a case and for such an error, as already stated in this opinion, the judgment will not be reversed. *Marks* v. *Trustees, etc., supra; Traylor* v. *Dykins,* 91 Ind. 229.

We find no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed June 3, 1884.