Dickson *et al. v.* Lambert *et al.*

---

No. 10,348.

### DICKSON ET AL. *v.* LAMBERT ET AL.

98 487
135 608
98 487
140 298
98 487
164 358

SALE.—*Contract.*—*Statute of Frauds.*—*Memorandum.*—*Complaint.*—Where the complaint upon a contract for the sale of goods does not allege that the contract was in writing, and does aver that there was a memorandum thereof in writing, giving a copy thereof, the contract is shown to be verbal.

SAME.—*Conditional Agreement.*—*Answer.*—In such case, an answer, claiming that the contract was upon a condition to be performed by the plaintiff, not averred in the complaint or shown by the memorandum, is an argumentative denial, and good on demurrer. So, also, an answer that two memoranda were made, one signed by the buyer and the other by the seller, the terms being essentially different, is good.

BILL OF EXCEPTIONS.—*Statute Construed.*—Sections 626 and 1287, R. S. 1881, do not restore, in cases pending when they took effect, the right to save questions by bill of exceptions arising upon rulings which had before been made upon the trial, and lost because no bill of exceptions was filed within the time required by the previous law.

From the Randolph Circuit Court.

*I. P. Gray* and *P. Gray*, for appellants.

*T. Shockney*, *C. Woodbury*, *W. A. Thompson* and *J. W. Thompson*, for appellees.

BICKNELL, C. C.—The appellants, in their complaint, alleged that on September 4th, 1879, they bought from the appellees, at Union City, Indiana, five car loads of No. 2 red wheat, at $1.07¼ per bushel, to be delivered by defendants free on board the railway cars at Baltimore, Maryland, with weights and inspection guaranteed in Baltimore, and to be shipped from Union City within twenty days; that the defendants made a written memorandum of the contract, as follows:

"UNION CITY, September 4th, 1879.

"I have this day sold to M. Dickson & Co., of Indianapolis, five cars of No. 2 red wheat, at 107¼ per bushel, f. o. b, Baltimore, with weights and inspections guaranteed in Baltimore, and to be shipped in twenty days.

(Signed)     "G. LAMBERT & SON."

That, by the usage of the grain trade, the meaning of the figures 107¼ in the memorandum is one dollar and seven and one-fourth cents; and the meaning of the letters f. o. b. in said memorandum is that the defendants were to deliver said wheat on board the railway cars at the city of Baltimore, Maryland, free of all freight and charges. The complaint averred performance by the plaintiffs on their part, and continual readiness to receive and pay for the wheat, and a refusal by the defendants to deliver any part of it at Baltimore, Maryland, although often requested.

A demurrer to this complaint, for want of facts sufficient, was overruled. The defendants answered in seven paragraphs, one of which was the general denial.

The only questions upon the pleadings arise upon demurrers to the fourth, fifth, sixth and seventh paragraphs of the answer, which were as follows:

4th. Defendants admit that they made a verbal contract with plaintiffs to sell them five cars of No. 2 red wheat, at

$1.07¼ per bushel, free on board the cars at the city of Baltimore, and to be shipped in twenty days, the plaintiffs to furnish the cars; that said contract was made with one Reinhold, the plaintiffs' agent; that a memorandum thereof was filled by said agent, and was signed by him as such agent, and one to be signed by the defendants; that the memorandum, set out in the complaint, was signed by the defendant Albert Lambert for the defendants; that he did not read it, but signed it in a hurry, under a mistake as to its contents, and believing that said Reinhold had written, as he had agreed to do, the full terms of said contract, which were, in addition to what was written in the memorandum, that the plaintiffs should furnish the cars; that said Reinhold fraudulently omitted and left out of said memorandum the provision that the plaintiffs should furnish said cars; that the defendants discovered the omission in a few moments, and before said Reinhold left their place of business, and called upon him to correct said memorandum; that Reinhold thereupon acknowledged said omission, and agreed with the defendants that if they would let the memorandum stand without correction, the plaintiffs would furnish said cars; that defendants were always ready to furnish and ship said wheat, but the plaintiffs never furnished any cars.

5th. That the plaintiffs are indebted to the defendants for wheat sold and delivered, and to balance on account, in the sum of $300, a bill of particulars of which is annexed, which the defendants ask may be set off against the plaintiffs' claim and that they may have judgment for the remainder. The bill of particulars is as follows:

"1879, Sept.

" M. Dickson & Co., to G. Lambert & Son, Dr.
To 500 bushels of wheat at $1.10 . . . . . . . . . $550 00
To balance on account . . . . . . . . . . . . . . 300 00"

6th. That defendants, by a verbal contract, agreed to sell and ship to the plaintiffs five cars of No. 2 red wheat within twenty days, the defendants to pay the freight thereof from

Union City to Baltimore, for the price of one dollar and seven and one-fourth cents per bushel, the plaintiffs to furnish the cars for said wheat; that the defendants made said verbal contract with one Reinhold, the plaintiffs' agent, at the warehouse of the defendants in Union City; that after the contract was made, Reinhold agreed to make a memorandum thereof in duplicate, one to be signed by the plaintiffs, the other by the defendants; that he then wrote a pretended memorandum which he signed for the plaintiffs as such agent, and which was as follows:

"UNION CITY, Sept. 4, 1879.

"We have this day bought of G. Lambert & Son five cars of No. 2 red wheat at 107¼ per bu., f. o. b., subject to Baltimore weights and inspection, to be shipped in twenty days.

(Signed)   "M. DICKSON & Co.,

"Per L. E. Reinhold."

That said Reinhold also wrote a pretended memorandum of said contract, to be signed by the defendants, which was as follows:

"UNION CITY, Sept. 4, 1879.

"We have this day sold to M. Dickson & Co., of Indianapolis, five cars of No. 2 red wheat, at 107¼ per bu., f. o. b. Baltimore, with weights and inspection guaranteed in Baltimore, and to be shipped in twenty days."

Which last memorandum was signed by the defendants; but said Reinhold, by accident and mistake, left out of said memoranda the proviso that the plaintiffs should furnish the cars, which both he and the defendants intended to have inserted therein, and said memorandum, set out in the plaintiffs' complaint, was signed by one of these defendants in their firm name, who was at the time mistaken as to its contents; that he relied on said Reinhold to draw up the memoranda correctly and believed he had done so; that he signed as aforesaid when very busy with customers, and in a few moments afterwards discovered the mistake, and immediately

requested Reinhold to correct it, which he refused to do ; that defendants have at all times been ready to fulfil their contract, but the plaintiffs have never furnished any cars, and defendants were unable to procure any. This paragraph prays that the memoranda may be reformed, etc.

7th. This paragraph differs from the sixth paragraph, by averring that Reinhold purposely and fraudulently left out of the memoranda the proviso that the cars should be furnished by the plaintiffs.

Demurrers to each of the foregoing paragraphs of answer were overruled, and the plaintiffs replied in denial. The issues were tried by the court, who found for the defendants. A motion by the plaintiffs for a new trial was overruled, and judgment was rendered on the finding. The plaintiffs appealed.

The only errors discussed are the overrulings of the several demurrers to the defences aforesaid, and the overruling of the motion for a new trial.

The appellants object to the fifth paragraph of the answer, that it fails to show that the appellants were indebted to the appellees before the commencement of the suit. But this suit was commenced in December, 1879, and the bill of particulars of the set-off shows that the indebtedness existed in September, 1879. *Gregory* v. *Gregory*, 89 Ind. 345.

As to the fourth, sixth and seventh paragraphs of answer, it will be observed that the complaint does not aver that the contract was in writing; it alleges a purchase, and that a memorandum of the contract was signed by the defendants.

When a contract is not averred to be written, it is taken to be verbal, and a memorandum of such a contract, although sufficient to take it out of the statute of frauds, is not the contract itself. The existence of the note or memorandum presupposes an antecedent contract, of which the writing is a note or memorandum, as respects the signatures. Benj. Sales, sections 208, 295 ; *Williams* v. *Robinson,* 73 Maine, 186 ; *Hunter* v. *Giddings,* 97 Mass. 41 ; *Williams* v. *Bacon,* 2 Gray, 387.

All of the three answers now under consideration allege that the contract was a verbal one, and they state what it was, and that afterwards two memoranda thereof were made, at the same time, by the plaintiffs' agent, one of which was signed by him, and the other was to be signed, and was signed, by the appellees.

The fourth paragraph avers that one of the terms of the contract was omitted from the memoranda, and that although the defendants have always been ready and willing to perform their contract as made, the plaintiffs have failed to comply with its terms.

In a case of this kind it is competent to aver and prove that the writing set out in the complaint is not a memorandum of the antecedent contract, but, in fact, shows only a part of it.    Benj. Sales, section 209; Pollock Cont. 450; 2 Schouler Pers. Prop., p. 522; *Goodman* v. *Griffiths,* 1 H. & N. 574; Browne Stat. of Frauds, section 371; *Norris* v. *Blair,* 39 Ind. 90 (10 Am. R. 135); Story Sales, sections 269, 270.

Perhaps such averments amount to an argumentative denial of the complaint, but argumentativeness is not ground of demurrer.    *Niblack* v. *Goodman,* 67 Ind. 174; *Loeb* v. *Weis,* 64 Ind. 285; *Harding* v. *Whitney,* 40 Ind. 379; *Judah* v. *Trustees, etc.,* 23 Ind. 272.

The sixth and seventh paragraphs of answer contain the substance of the fourth paragraph, and the further allegation that the two memoranda were substantially different.    The sixth paragraph states that the omissions in the memoranda were the result of a mistake.    The seventh avers that the omissions were purposely and fraudulently made by the plaintiffs' agent.

The defendants ought not to be compelled to perform a contract they never made, nor to pay damages for its nonperformance.    If the memoranda do not show the contract, it matters little whether the imperfection was the result of fraud or of mistake; in either case the memoranda are inoperative.

Where there is a verbal contract for the sale of goods, and memoranda thereof are made and mutually executed, they are analogous to the bought and sold notes of a broker; either of them, if there were no other, might be sufficient to take the case out of the statute of frauds as against the party who signed it; but one of them is as much entitled to consideration as the other, and they must be taken together. The contract may be made at one time and the memoranda at a subsequent time (Benj. Sales, section 295), and the memoranda may be gathered from letters of the parties written after the contract was made. *Sievewright* v. *Archibald*, 17 Q. B. 103; S. C., 6 Eng. L. & Eq. 286. Where there are memoranda made for each party, as they must be taken together, it follows that if they vary in any material point the contract can not be enforced.

It is said, in 1 Parsons on Contracts, p. 544, " that where the broker delivers different notes of the contract to each of the contracting parties, and there is no signed entry in his books to cure the discrepancy, there is no valid bargain at all. There is no proof of the assent of the parties to the same terms, no common understanding." These bought and sold notes are memoranda of the purchase and sale signed by the broker, who is, ordinarily, the agent of both parties in making the contract; but it makes no difference whether the memoranda are signed by an agent or by the parties themselves. Benj. Sales, section 282. The party who effects the sale may be, as he was in the present case, the agent of one of the parties and not of the other.

In the case of *Moore* v. *Campbell*, 10 Exch. 323, the broker was the agent of the plaintiff only. The plaintiff claimed, as the present appellants claim, that the memorandum signed by the defendant was the contract; but the court held that the two memoranda must be considered together, and that as they differed in material points, there was no evidence of any mutual agreement.

Where one of the memoranda mentioned "Riga Rhine hemp," and the other "St. Petersburgh clean hemp," it was held there was no bargain. *Thornton* v. *Kempster,* 5 Taunt. 786. So, in case of a sale of sugar, one of the parties only being represented by a broker, one of the memoranda specified the standard of the sugar, the other mentioned the quality and grade also. The Supreme Court of Wisconsin said: "Where the validity of a contract made through a broker depends upon the bought and sold notes, it is well settled that, if there is any material variance between them, they are both nullities, and there is no binding contract." *Bacon* v. *Eccles,* 43 Wis. 227; Blackburn Sale, 102; *Grant* v. *Fletcher,* 5 B. & C. 436; *Acebal* v. *Levy,* 10 Bing. 376.

The sixth and seventh paragraphs of the answer contain. valid defences in reference to the alleged omissions in the memoranda of one of the terms of the contract, and in relation to a substantial difference in the memoranda. The court did not err in overruling the demurrers to the answers.

The only remaining matter is the error alleged in overruling the motion for a new trial.

The appellees admit that the bill of exceptions brings up the evidence, but they claim that no question arises as to the rulings of the court upon the trial, because at the trial term no bill of exceptions was filed and no time was granted therefor. The cause was tried at the November term, 1880; it was taken under advisement and was not decided until the September term, 1881. At the time it was decided, the revised statutes of 1881 were in force; a motion for a new trial was made and was overruled in December, 1881; at that time the plaintiffs excepted and took time to file a bill of exceptions and filed it within the time. If this case is governed by the code of 1852, the exceptions taken to the rulings at the trial are not available. *Cunningham* v. *Baker,* 84 Ind. 597; *Heaton* v. *White,* 85 Ind. 376; *Stribling* v. *Tripp,* 86 Ind. 166; *Cardwill* v. *Gilmore,* 86 Ind. 428; *Donaldson* v. *Dunn,* 87 Ind.

343; *McIlvain* v. *Emery*, 88 Ind. 298; *Mullany* v. *First Nat'l Bank*, 89 Ind. 424; *Mullaney* v. *Indiana Nat'l Bank*, 91 Ind. 77. In *Pitzer* v. *Indianapolis, etc., R. W. Co.*, 80 Ind. 569, cited by appellants, and in *Ryman* v. *Crawford*, 86 Ind. 262, the bills of exception were filed within time granted therefor at the trial term; therefore, by them, the rulings at the trial were brought up.

The appellants claim that the code of 1852 is not applicable to such a case; they insist that section 626 and section 1287, R. S. 1881, taken together, show the case is governed by section 626, *supra*, and that both the rulings at the trial and the evidence are brought up by a bill of exceptions, the leave to file which was granted after the revised statutes of 1881 had taken effect, in a case decided under those statutes, although the trial was had under the code of 1852.

But we think that rights which were lost under the code of 1852 are not restored by the code of 1881. In the present case, the trial being had under the code of 1852, the appellants, by failing to file a bill of exceptions at the time, and by failing to obtain leave at the trial term to file a bill afterwards, lost the benefit of exceptions taken at the trial term in regard to rulings upon the admission and rejection of evidence, and therefore the reasons for a new trial, alleging errors in the admission and rejection of evidence, present no question for consideration, but if before us they would all be substantially disposed of by the aforesaid decisions upon the demurrers. They are founded upon the appellants' theory of the case, which is that the writing set forth in the complaint constitutes the contract. This theory being incorrect as we have shown, objections founded thereon can not be sustained. The appellees had a right under the issues to show that the contract was a verbal one merely; that memoranda of it were made for and signed by each party; that these memoranda were substantially different from each other, and that a material part of the contract was omitted from each of the memoranda.

The other reasons for a new trial, discussed in the appellants' briefs, are that the finding is contrary to law, and is not sustained by sufficient evidence, that the damages are excessive, and that the court erred in rejecting the testimony of one of the plaintiffs that their agent, Reinhold, had no authority to guarantee cars.

There are two reasons for a new trial each numbered 4. The first of these is not discussed in the briefs of the appellants; it is therefore regarded as waived.

There was conflict in the testimony, but there was evidence tending to sustain the finding; therefore we can not disturb it on the weight of the evidence. *Hudson* v. *Wells,* 95 Ind. 402. We can not say that the damages were excessive. There was no error in rejecting the testimony of one of the plaintiffs to prove that their agent, Reinhold, had no authority to guarantee cars. He being their agent to make contracts for the purchase of wheat generally, and not for this purchase only, his authority embraced all the usual incidents of his business, and it included the power to modify or waive such contracts made by him. *Anderson* v. *Coonley,* 21 Wend. 279. A principal, in such case, can not escape liability by setting up secret instructions limiting the authority of the agent and unknown to the other party. Story Agency, sections 126 to 133; *Fatman* v. *Leet,* 41 Ind. 133; 1 Parsons Cont. 40, 43. We find no error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellants.

Filed Dec. 11, 1885.